## FLEMMING *v.* The PENNSYLVANIA Insurance Company.

Proceedings stayed, until costs of former suits paid, including as well the costs of the officers of the court as those of the parties, though no bill taxed. The first suit was in the Supreme Court, and verdict for defendant given at Nisi Prius; and upon a motion for a new trial, the verdict was sustained upon the point decided by the judge at Nisi Prius, and upon another, technical in its character, raised upon the argument in the Supreme Court, and judgment was rendered for defendant. The second was in the District Court, and a nonsuit ordered by the court after plaintiff had concluded his evidence. On this motion, the court received a certified copy of the docket entries from the District Court.

*Jan.* 20.    RULE to stay proceedings until costs of former suits are paid.

The first suit was on a policy of insurance in the name of Flemming. It was brought in the name of De Bolle, who claimed the interest in the policy, to the use of his assignees, the said Flemming and another, in 1828; a report of which will be found in 4 Whart. 68.

The second case was on the same policy, by Flemming, to the use of De Bolle, in the District Court of this city and county, brought in 1842, and on the trial in 1846, after the plaintiff had gone through his evidence, a judgment of nonsuit was entered under the seventh section of the act of 1836, which nonsuit the court in banc, upon motion and argument, refused to take off, and affirmed the judgment. The present action in this court was stated to be in the same form as that in the District Court.

*J. M. Scott*, for the rule.—The first case in this court was put by the learned judge, who tried the cause, upon a point which went to the merits, and the court in banc sustained that decision, and refused a new trial upon that ground, and also upon another more

technical in its character, and gave judgment in favour of the defendant. That judgment was specially pleaded as a bar to the suit in the District Court, but there was no necessity to resort to that plea at the trial, as the plaintiff failed to sustain his case by his evidence. The rule which prescribes the payment of costs in a former suit, will be found in Tidd's Practice, p. 538; and the cases there cited. An instance of its application in Newton *v.* Bewley, 1 P. A. Browne's Rep. 38.

*C. Ingersoll*, contrà.—The rule is never granted unless the former trial was on the merits. Bass *v.* Firmen, Ld. Raym. 697. This court can only look to the case in this court, as there is no evidence whatever of any trial in the District Court. As to the costs in the District Court they are trifling, as the commissions which had been executed in this court were used in evidence there by the plaintiff.

The defendant has not taxed his costs, nor filed a bill.

*Reply.*—Bills of costs have been filed. The first case was decided as well upon the merits as upon a technical point, as is apparent by the judge's charge to the jury, given in 4 Whart. 68.

To prove the fact of the case in the District Court, counsel produced a certified copy of the docket entries in that case, and said if they were not sufficient he would ask a rule to take depositions.

The case was decided without any further evidence on this point.

*Jan.* 29. COULTER, J.—The practice of the courts to stay proceedings in a second suit until the costs of a former action for the same cause are paid, is one of the modes adopted to compel the payment of costs due, as well to the officers of the court as to the party; and is convenient and just in all aspects in which it can be viewed.

The Court of King's Bench has been more liberal in the application of the rule than the Court of Common Pleas in England. But in both it is adopted, where the merits of the case have been decided in the first action. Costs are given to defendants in England by various statutes, the provisions of which, in that respect, are in force here, not only in cases where there has been a verdict and judgment in his favour, but also where the plaintiff has been nonsuited, and also in cases of discontinuance, non pros., and judgment on demurrer; and there would seem to be no good reason for confining the practice of staying the plaintiff in a second action, until the costs of the former one for the same cause are paid, to cases where there has been a trial on the merits. The Court of King's Bench does not so confine it, but applies it to cases of nonsuit. Nevitt *v.*

Lade, 3 Doug. 396. There is some variation in the names of the plaintiffs in the suits now under consideration; but it is admitted they were all for the same cause of action on the same policy. This variation, therefore, would seem to be of no consequence. In Lamply v. Sands, 1 Tidd's Practice, 539, the Court of King's Bench stayed proceedings in an action by husband and wife, until payment of costs in a former action for the same demand, at the suit of the husband alone. So also in Newton, assignee, v. Bewly, 1 P. A. Bro. Rep. 38. The second suit in this series was in the District Court, in which there was a nonsuit, the first and the last in this court. In the case of Nevitt v. Lade, already cited, the first suit was in the Exchequer, and the second in the King's Bench, which court stayed the proceedings till the costs of the former were paid.

It was contended that the defendant had filed no bill of costs in the former suits, and that, therefore, there are no costs to be paid. But this does not appear to be of much consequence, he may yet have his costs taxed. But costs, and costs of suit, are generic terms, including the fees due to officers of the court, and so generally understood and applied, both in the language of the books, and that of the profession. In our own acts of Assembly, they are used in that sense in many cases. It is not necessary to particularize more than the well-known provision of the arbitration law, requiring the appellant to pay the costs, which has been constantly interpreted to include the fees due to officers of the court.

The practice of the courts, in this respect, is wholesome and beneficial, and often operates as a penalty by which individuals are protected from being harassed by a multiplicity of suits for the same cause of action. Let the rule be made absolute.

Rogers, J., and Burnside, J., were absent.