## Vought *versus* Sober.

1. Vought sued Sober before a justice on a note; both parties appeared on the return-day and the case was continued on the application of defendant: parties again appeared and by "common consent" continued until May 7th, when, plaintiff not appearing, the justice entered "judgment in favor of the defendant by nonsuit." *Held* not to be a judgment on the merits nor a bar to another action.

2. The failure of plaintiff to appear on the day of continuance was the same as if he had failed to appear at the return.

3. Act of March 20th 1810, sect. 6, authorizes a justice to nonsuit a plaintiff for failure to appear on a continuance.

January 31st 1873.    Before READ, C. J., AGNEW, WILLIAMS and MERCUR, JJ.    SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Northumberland county* : Of September Term, No 23.

This was an action of debt, commenced October 29th 1868, by John Vought against Isaac J. Sober.    The cause of action was this note :—

" 100

Six months after date, for value received, I promise to pay to the order of Wm. M. Ellis one hundred dollars, without defalcation or stay of execution.

Dated, Paxinos, June 8th 1867.

ISAAC J. SOBER.

Endorsed—WM. M. ELLIS."

A suit on the same note had been previously instituted before a justice of the peace; the following are the docket entries in the case :—

" John Vought *v.* Isaac J. Sober.    Summons issued April 7th 1868, returnable April 16th 1868, at 4 o'clock P. M.    And now, April 16th, 4 P. M., plaintiff appears by his attorney, Geo. D. Haughawout.    Defendant present.    Plaintiff claims, by his attorney, on note given by defendant to Wm. M. Ellis, and by him transferred to John Vought, for $100.    Defendant denies signa-

23 P. F. SMITH—4

[Vought *v*. Sober.]

ture and asks continuance. Plaintiff grants it. Continued until Saturday, April 21st, at 1 o'clock P. M. And now, April 25th, parties appear. Plaintiff's witness not present. By common consent agreed that suit be continued until May 7th, at 7 P. M. And now, May 7th, 7 P. M., defendant appears. Plaintiff not appearing, defendant asks and justice grants nonsuit; judgment in favor of defendant by nonsuit, plaintiff for costs of suit, and $1 for defendant's reasonable costs and trouble in attending the suit. Plaintiff appeals. Transcript given May 22d 1868."

The case was tried March 28th 1872, before Rockefeller, P. J.

The plaintiff gave the note in evidence with some testimony to support it, and rested.

The defendant then gave in evidence the foregoing docket entries of the justice and proved that the suit was on the same note.

The justice also testified that the defendant was called by the plaintiff before him and examined as a witness "in reference to this suit. He was examined pretty fully about the merits of this note. This was after the case was opened on the first appearance of the parties. The examination was with reference to the signature; the defendant said he never signed the note. The amount claimed was $100."

The court charged the jury that if they believed from the evidence that former suit before Joseph Ramsey, Esq., a justice of the peace, was for the same cause of action, that is to say, on the same note given in evidence by the plaintiff in this case; that the parties, both plaintiff and defendant, having once appeared, as appears from the transcript of the justice and the other evidence in the case, and the plaintiff having made his claim for one hundred dollars, the amount of the face or principal of the note only, before the said justice, which was denied by the defendant, the justice of the peace afterwards had no right to enter a judgment of nonsuit against the plaintiff, and that he having done so, the effect of it was a judgment in favor of the defendant, from which the plaintiff's only remedy was by an appeal, and their verdict should be for the defendant.

The verdict was for the defendant. The plaintiff took a writ of error and assigned the charge of the court for error.

*L. H. Kase* (with whom was *S. P. Wolverton*), for plaintiff in error, cited Act of March 20th 1810, sect. 6, 1 Br. Purd. 852, pl. 51 ; Haws *v*. Tiernan, 3 P. F. Smith 193 ; Carmony *v*. Hoober, 5 Barr 307 ; Fisher *v*. Longecker, 8 Id. 410.

*W. A. Sober*, for defendant in error, cited Gould *v*. Crawford, 2 Barr 89 ; Lawver *v*. Walls, 5 Harris 75 ; Haws *v*. Tiernan, 3 P. F. Smith 193.

[Vought v. Sober.]

The opinion of the court was delivered, May 17th 1873, by

WILLIAMS, J.—The judgment of nonsuit rendered by the justice in the previous suit, brought on the same note, is no bar to the action in this case. It was not a judgment on the merits, after hearing the proofs and allegations of the parties, but a judgment of nonsuit in default of the plaintiff's appearance on the day to which the hearing of the case had been continued. It is immaterial that the plaintiff appeared by attorney on the return-day of the summons, if he was guilty of such subsequent neglect as authorized the judgment. It was as much his duty to appear on the day to which the hearing of the case was adjourned, as to appear on the return-day of the writ; and for his default in not appearing, no judgment except that of nonsuit could be properly rendered against him. Why then should it be regarded as final and conclusive of the rights of the parties? It was not rendered after hearing their proofs and allegations, as was the judgment of nonsuit in Crawford v. Gould, 2 Barr 89, which was consequently held to be final, regardless of its form; nor was it entered after the appearance of the parties on hearing, as in Lawver v. Walls, 5 Harris 75, because the plaintiff was not able to substantiate his claim. If it had been, then it might be regarded as equivalent to a judgment that the plaintiff had no cause of action. But it was, as the docket entries show, a judgment of nonsuit in default of the plaintiff's appearance; and in his absence no other judgment could be rightfully entered against him. It is conceded that if the judgment had been rendered in default of the plaintiff's appearance on the return-day of the writ, it would not be conclusive of the rights of the parties. Why then should it be when entered in default of his appearance on the day to which the hearing was continued? The default in the one case is the same as in the other; why then should not the judgment be the same? It would be a narrow construction of the act to hold, if the plaintiff appears on the return of the writ and the hearing of the case is continued to a subsequent day, that the justice has no power to enter a judgment of nonsuit against him under its provisions, if he fails to appear at the time appointed for the hearing; and it would be a harsh construction to hold that a judgment of nonsuit against the plaintiff, that such default is conclusive of the rights of the parties and a bar to any subsequent suit for the same cause of action.

The act is susceptible of a more reasonable construction. It undoubtedly authorizes the justice to give judgment against the plaintiff by nonsuit in default of his appearance either on the day appointed by the summons, or on any subsequent day to which the hearing may be continued. The justice, therefore, had power to enter the judgment of nonsuit, and its only effect was to put an end to the action without concluding the rights of the parties. It follows that the court below erred in charging the jury that the

parties having once appeared, the justice of the peace afterwards had no right to enter a judgment of nonsuit against the plaintiff, and that, having done so, the effect of it was a judgment in favor of the defendant, from which the plaintiff's only remedy was by an appeal, and their verdict should be for the defendant.

Judgment reversed, and a *venire de novo* awarded.