## Murphy, Appellant, *v.* Taylor.

*Statute of Limitations—Pleading—Practice, C. P.*

The Statute of Limitations must be pleaded to be made available as a defense, except in actions of ejectment. It may be waived by the defendant, and unless pleaded on the record the plaintiff has a right to assume that it is waived.

*Practice, C. P.—Second suit after nonsuit—Payment of costs.*

Where after a nonsuit has been entered the plaintiff brings a second action against the same defendant for the same cause, within a reasonable time, the court will stay the proceedings until the costs of the first suit are paid; but the proceedings will not be quashed.

Argued March 15, 1916. Appeal, No. 276, Oct. T., 1915, by plaintiff, from order of C. P. No. 3, Philadelphia Co., Dec. T., 1911, No. 3773, making absolute rule to quash the proceedings in case of Margaret A. Murphy v. William R. Taylor. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

86 MURPHY, Appellant, v. TAYLOR.

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct.
Rule to quash proceedings.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to quash the proceedings.

*Trevor T. Matthews,* for appellant.—The first question involved is: Can the court by rule quash a suit because it is alleged in an affidavit that the suit is barred by the Statute of Limitations?

The authorities on this question are all one way: the Statute of Limitations is a matter that must be pleaded. A demurrer on that ground cannot even be filed to the statement of claim: Barclay v. Barclay, 206 Pa. 307; Peck v. Whitaker, 103 Pa. 297; Heath v. Page, 48 Pa. 130.

A suit cannot be quashed because it is the same cause of action as another suit which has been terminated by a judgment of non pros where the costs of the first suit had not been paid: Derrickson v. Colonial Trust Co., 17 Dist. Rep. 80; Gerety v. Reading R. R. Co., 1 Legal Chronicle 300; Hurst v. Jones, 4 Dallas 353; Mullin v. Jackson, 2 Chester County, 264; Barton v. Jones, 15 W. N. C. 568.

*William T. Connor,* with him *John R. K. Scott,* for appellee, cited: Gerety v. Reading R. R. Co., 9 Philadelphia 153; Arthur v. Washington Water Power Co., 42 Wash. 431.

OPINION BY HENDERSON, J., April 17, 1916:

The appellant brought an action of trespass against the defendant on the 20th of January, 1912. On March 11, 1913, a judgment of non pros was entered for want of a statement. The court having refused to take off the non pros a new action was brought on February 16, 1914, and docketed in the same number and term pursuant to a rule of court. This writ was returnable the first

Monday of March, 1914. On November 20, 1914, a state-ment and notice to plead was filed. On December 3, 1914, a rule to quash the writ was entered on an affi-davit of the defendant setting forth that the plaintiff had not paid the costs of the judgment of non pros and that the Statute of Limitations was a bar against the cause of action set forth in the statement. This rule was made absolute February 11, 1915, and from the judgment thus entered this appeal was taken. The ap-pellee seems to have abandoned that part of his case based on the Statute of Limitations for the counter-state-ment of the question involved is thus expressed: "Was there error in quashing a suit brought upon the same cause of action upon which a prior action had been in-stituted, where the plaintiff refused to pay the costs of the first suit, which had been non prossed, and was guilty of gross negligence in failing to diligently prosecute the action?" As there was no opinion filed by the court be-low we assume that the rule was made absolute because of the failure to pay costs.

The practice of courts is to stay proceedings in a sec-ond action for the same cause between the same parties where a nonsuit was granted until the costs of the first suit are paid. The rule has its foundation in the control which courts have over their proceedings and the duty they have to prevent them from being made means of oppression. It is a practice enforced from an early day in England and this Commonwealth: 3 Wilson 149; 1 Tidds Prac. 94; Nevitt v. Lave, 3 Doug. 396; Hurst, Lessee, v. Jones, 4 Dallas 353; Fleming v. Pa. Ins. Co., 4 Pa. 475. Our attention has not been called to any authority which sustains the action of the court in quash-ing the proceeding. The action was regularly brought, the statement filed without unreasonable delay and the plaintiff was entitled to a plea except for the fact that she had not paid the costs of the former action. The penalty to which she should have been subjected was the

delay of her cause until these costs were paid.  Her neglect to pay might by the lapse of time under the rules of court cause her to lose her action, but the time had not yet arrived to throw the case out of court.

The judgment is reversed and the record remitted for further proceedings.