Bucci et al., Appellants, *v.* Detroit Fire & Marine Ins. Co.

Argued April 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George Jerko,* and with him *B. A. Sciotto,* for appellants.

*E. E. Creps,* for appellee.

OPINION BY JAMES, J., July 14, 1933:

This is an action upon a contract of insurance against loss or damage by fire, in the sum of $1,000, dated April 16, 1930, upon certain property located at Smyerstown, Indiana County, Pennsylvania. On the 3rd day of February, 1931, during the life of the contract, a fire occurred which totally destroyed the premises covered by said contract. On April 28, 1931 at No. 311 June Term, 1931, a summons in assumpsit was issued in the court of common pleas of Indiana County, said writ being returnable to the first Monday of June, 1931, in which action no statement of claim was filed within the period of sixty (60) days as required by the rule of court hereinafter set forth. The judgment of non pros was not entered until January 12, 1932, when the prothonotary entered the following order: "Jan. 12, 1932, And now, nunc pro tunc as of June 29, 1931, judgment of non pros as of course entered in this action under Rule 115-A. W. Earl Long, Pro." Plaintiff paid the costs and on December 28, 1931, a summons in assumpsit was issued on the same contract of insurance, entered to No. 153 March Term, 1932, was duly served on January 4, 1932, and a statement of claim was filed on January 30, 1932. On January 21, 1932, the defendant insurance company filed its petition to set aside summons and serv-

ice thereof to No. 153 March Term, 1932, setting forth that plaintiffs having failed to serve and file their statement within sixty (60) days from April 28, 1931, to wit, on or before June 27, 1931, "judgment of non pros as of course" resulted therefrom, and any and all rights of plaintiffs in said action, or the cause upon which it was based, ceased and determined; and that plaintiffs, by instituting the action at No. 153 March Term, 1932, were seeking to revive the action and right of action which had been barred as aforesaid, and in direct violation of the manifest purpose and intent of the rule of court above mentioned. An answer was filed to this petition wherein plaintiffs averred, inter alia, that plaintiff's counsel in the present proceeding were of counsel for the plaintiffs but that the chief counsel in the matter resided in Punxsutawney, Pennsylvania, and that later the former chief counsel were released from further connection in said case; that by reason of the neglect and failure of the former chief counsel, the statement of claim was not filed; that the statute of limitations for the institution of the suit on the contract mentioned is one year and that the rule of court is not binding upon plaintiffs nor does it deprive plaintiffs of the right to institute suit; that the costs of the previous suit had been paid; and prayed for a rule to show cause why judgment of non pros should not be stricken from the record, on which prayer no rule was ever issued. After due argument, the court made the rule absolute, and directed that the summons and service at No. 153, March Term, 1932, be set aside and the action at said number and term be stricken from the record, from which order this appeal is taken.

Rule of Court No. 115-A of the court of common pleas of Indiana County provides as follows: "Rule 115-A. In actions of assumpsit and trespass brought into the court of common pleas of Indiana County,

if the plaintiff's statement be not served upon the defendant and filed with the praecipe, it shall be served upon the defendant and filed, in accordance with the Practice Act of 1915, within sixty (60) days from the date of issuance of the writ of summons. If the plaintiff fail to serve his statement upon the defendant and file it within the said period of sixty (60) days, the prothonotary shall enter judgment of non pros as of course." This rule of court is identical, except as to a slight difference in phraseology, with the rule of court sustained in the case of Hale v. Uhl, 293 Pa. 454, 143 A. 115, and an enforcement of this rule by the entry of judgment of non pros in the original action was binding. In order to open this judgment, an application for relief was entirely an appeal to the discretionary power of the court below and as the court well stated in its opinion, the failure or neglect of counsel under the circumstances as set forth in the answer to the petition for the rule was an appeal entirely to its discretion and can not be reversed except for a manifest abuse thereof. "An application to strike off a judgment of non pros, like one to open a judgment, is an appeal to the equitable powers of the trial court, whose decision will not be reversed on appeal except to correct a manifest abuse of discretion." Hale v. Uhl, supra, which is supported by a long line of cases cited therein.

This is not an appeal from an order refusing a petition by the plaintiff to set aside the original judgment of non pros but is an appeal from an order directing that the summons and service in the second action, to wit, No. 153 March Term, 1932, be set aside and the action at said number and term be stricken from the record, in effect holding that the judgment of non pros was a bar to any other proceeding in spite of the fact that the statute of limitations had not expired. In order for us to arrive at a correct

decision, it must be based upon the interpretation of the legal effect of the term "non pros" as used in the rule of court. In Bouvier's Law Dictionary, Volume II, we find the following given as the legal definition: "Non Pros. An abbreviation of non prosequitur, he does not pursue. Where the plaintiff, at any stage of the proceedings, fails to prosecute his action, or any part of it, in due time, the defendant enters non prosequitur, and signs final judgment, and obtains costs against the plaintiff, who is said to be non pros'd. 2 Archbold, Pract. Chitty ed. 1409; 3 Sharswood, Blackst. Comm. 296; 1 Tidd, Pract. 458; Graham Pract. 763; 3 Chitty, Pract. 10; 1 Penn. Pract. 84; Caines, Pract. 102. The name non pros. is applied to the judgment so rendered against the plaintiff. 1 Sellon, Pract., and authorities above cited." In Sharswood's Blackstone's Commentaries, Volume III, page 296, we find the following: "For if the plaintiff neglects to deliver a declaration for two terms after the defendant appears, or is guilty of other delays or defaults against the rules of law in any subsequent stage of the action, he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a non suit or non prosequitur is entered, and he is said to be nonpros'd. And for thus deserting his complaint, after making a false claim or complaint, (pro falso clamore suo,) he shall not only pay costs to the defendant, but is liable to be amerced to the king. A retraxit differs from a non suit in that the one is negative and the other positive; the non suit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a retraxit is an open and voluntary renunciation of his suit in court, and by this he forever loses his action. A discontinuance is somewhat similar to a non suit; for when a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the

process regularly from day to day and time to time, as he ought to do, the suit is discontinued, and the defendant is no longer bound to attend; but the plaintiff must begin again by suing out a new original, usually paying costs to his antagonist. Anciently, by the demise of the king, all suits depending in his courts were at once discontinued, and the plaintiff was obliged to renew the process by suing out a fresh writ from the successor, the virtue of the former writ being totally gone, and the defendant no longer bound to attend in consequence thereof; but, to prevent the expense as well as delay attending this rule of law, the statute 1 Edw. VI c. 7 enacts that by the death of the king no action shall be discontinued, but all proceedings shall stand good as if the same king had been living.''

In 34 Corpus Juris, page 784, Section 1201, we find the following: ''A judgment of non prosequitur has no greater effect as an estoppel than a judgment of nonsuit, and does not bar another action for the same cause.'' In 34 Corpus Juris, page 795, Section 1215, we find the following: ''The dismissal of a bill in equity or of an action at law, not on the merits, but because plaintiff declined further prosecution of it, has, as a rule, no greater effect than a nonsuit and is no bar to a subsequent suit founded on the same merits . . . . . .''

The effect of a judgment of non pros seems to have been well recognized by the profession as we find a dearth of decisions. In the case of Vought v. Sober, 73 Pa. 49, 51, the court held that a judgment of non suit rendered by a justice of the peace is no bar to a suit upon the same cause of action and that its only effect was to put an end to the action without concluding the rights of the parties.

In a well considered opinion by Judge STAAKE, in the case of Derickson v. The Colonial Trust Co., 35 Pa.

C. C. 522, and in 17 Pa. D. R. 80, interpreting the effect of the judgment of non pros upon a rule of court of the County of Philadelphia similar to the rule in question, except that the period was twelve months, the court held as follows: "Where after the issuance of the writ of summons no statement is filed by the plaintiff within twelve months and a judgment of non pros has been entered by the prothonotary under Rule 28, the plaintiff, may nevertheless, after paying all the costs of the previous proceedings, commence a new suit for the same cause of action at any time which is not beyond the period allowed by the statute of limitations for the bringing of suits for the injury alleged." The effect of a judgment of non pros has usually arisen in cases where the judgment has been entered after the statute of limitations has expired, which is not the present situation. In the case of Kulp v. Lehigh Valley Transit Co., 81 Pa. Superior Ct. 296, cited at length in the opinion of the court below, where a judgment of non pros was entered under a rule of court that unless a statement of plaintiff's cause of action was filed within one year after the issuance of the writ, a judgment of non pros should be entered by the defendant, the writ was issued on January 10, 1919 for an injury suffered on July 4, 1918 while riding as a guest in an automobile which was struck and wrecked by an electric car of the defendant company. No statement having been filed, judgment of non pros was entered January 14, 1920. The attorneys for the plaintiff on the 19th day of January, 1920, presented their petition to the court to take off the judgment of non pros. After hearing, the court struck off the judgment of non pros upon payment of costs, and the Superior Court held that such action was a proper exercise of its discretion. On page 299 of the opinion, the court said "after the judgment of non pros was entered, the plaintiff could have paid the costs and

brought a new action." That a judgment of non pros is not a bar to a subsequent action is further supported by the case of Murphy v. Taylor, 63 Pa. Superior Ct. 85, and cases therein cited. "Where after a nonsuit (non pros) has been entered the plaintiff brings a second action against the same defendant for the same cause, within a reasonable time, the court will stay the proceedings until the costs of the first suit are paid; but the proceedings will not be quashed."

Appellants, by the failure of counsel to file their statement, suffered the penalty of having that particular action non prossed, which could only be set aside by an order of court, but the legal effect of the non pros could not prevent the entry of a suit for the same cause of action within the statute of limitations. We do not agree with the court below that to hold otherwise would annul and render useless the rule of court. The penalty suffered by the plaintiffs is the delay in the trial of their cause and the payment of costs incurred, yet if the statute of limitations has not expired the non pros of the first action can not prevent the institution of the second suit. It follows that the order of court in making absolute the rule to strike off the cause of action and directing that the summons and service at No. 153 March Term, 1932, be set aside and the action at said number and term be stricken from the record must be reversed.

The order of the court below is reversed and the record remanded with directions to reinstate the proceedings as to No. 153 March Term, 1932; the costs to await final determination of the action.