## Norbeck v. Anderson et al., Appellants.

Argued April 13, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Earle MacDonald,* for appellants.

*Allison D. Wade* of *Wade & Lott,* for appellee.

OPINION BY STADTFELD, J., July 13, 1934:

Martin Norbeck brought an action of assumpsit against Nels Anderson, David R. Anderson and Charles H. Kay, partners doing business under the name of Warren Baking Company, upon an alleged oral agreement with the plaintiff whereby the defendants agreed to take over a truck and the contract of purchase for the same which the plaintiff had made with the Warren Garage Company (afterwards amended so as to read "Warren Automotive Sales Company") and to pay plaintiff the sum of $295 with interest from March 21, 1927.

Plaintiff's statement avers that in September, 1927, plaintiff entered into an oral agreement with the defendants for the distribution of their products along a route commonly known as the Corry Route; that pursuant to said agreement plaintiff made a contract of purchase of a certain 1½-ton Graham Truck with the Warren Garage, designed for the specific purpose of delivering defendant's products; that plaintiff made a deposit of $100 in cash and transferred title and delivered to the Warren Garage a certain truck belonging to plaintiff for which the latter gave plaintiff

a total credit of $295 on the purchase of the Graham Truck in question; that thereafter, during October, 1927, defendants refused to allow plaintiff to distribute its products over the route originally named, but proposed another route which was not taken by plaintiff; that thereupon on or about January 5, 1927, David R. Anderson, on behalf of defendants, made an oral agreement with plaintiff to take over the truck and contract of purchase with the 'Warren 'Garage, as above stated, and to pay to plaintiff the sum of $295 so paid by him on account thereof; that thereafter the defendants took over the truck from the Warren Garage, but failed to pay plaintiff the said sum of $295, according to the oral contract as above set forth.

To this statement of claim, defendants filed an affidavit of defense raising questions of law as follows: that on February 24, 1930, suit was brought by plaintiff against defendants before a justice of the peace in Warren County, upon the same cause of action as alleged in plaintiff's statement; that an appeal in said action was duly filed in the Court of Common Pleas of Warren County; that no action was taken upon said appeal and no statement filed therein.

On January 15, 1932 the demurrer was overruled by the court; thereupon an affidavit of defense was filed, denying, inter alia, that defendants, or any of them, at any time made any agreement with plaintiff to take over the truck or a contract of purchase with the Warren Garage Company, or to pay him any sum or sums whatever.

The case went to trial before HIRT, J., specially presiding, and a jury. During the trial, defendants offered in evidence the record of the former appeal from the justice of the peace on the same cause of action, and which terminated in a judgment of non pros, claiming that this judgment was a bar to the present action. Each side presented a request for

binding instructions which the court refused. The court submitted the case to the jury in a charge to which no exceptions were taken to determine whether the agreement alleged was entered into or not. The trial resulted in a verdict for plaintiff in the sum of $381.75; motions ex parte defendant, for new trial and for judgment n. o. v. were refused and judgment entered on the verdict. From that judgment this appeal was taken.

The assignments of error are (1) in dismissing defendant's affidavit of defense raising questions of law; (2) in refusing to enter judgment n. o. v. in favor of defendant in that plaintiff was barred by the judgment of non pros in the appeal taken from the judgment of the justice of the peace; (3) that the verdict was against the weight of the evidence, and (4) that there was no evidence of a definite, positive contract between plaintiff and defendants.

There is no merit in defendant's contention that the judgment of non pros in the former action, before the justice of the peace, was a bar to the present action. The effect of a judgment of non pros has been discussed at large in an exhaustive opinion by Brother JAMES of this court, in the case of Bucci v. Detroit F. & M. Ins. Co., 109 Pa. Superior Ct. 167, 167 A. 425. Nothing can be profitably added to what has been therein set forth.

On the question of fact as to whether or not an oral agreement was entered into between the parties, as claimed by plaintiff, the same was submitted by the court in a fair and impartial charge, to which no exception was taken. An examination of the record shows that there was competent testimony which, if believed, warranted the verdict. The verdict of the jury is conclusive on that point.

The assignments of error are overruled and judgment affirmed.