## Bear v. Hallgren

*K. L. Shirk,* for plaintiff.
*Harvey B. Lutz,* for defendant.

SCHAEFFER, J., August 1, 1934.—In this case the verdict rendered by the jury was in favor of the plaintiff for $55.73. The defendant offered no evidence at the trial and the court directed a verdict in favor of the plaintiff against the defendant with question of law reserved.

Originally plaintiff sued the defendant before a justice of the peace and recovered a judgment of $50.80 as damages resulting from an automobile collision. An appeal was taken to the court of common pleas and a verdict was rendered by a jury in favor of plaintiff for the full amount of his claim. Judge Atlee, of this court, on January 21, 1933, entered judgment n. o. v. for the defendant. The costs of that suit amount to $21.45, which remain unpaid. Subsequently on February 18, 1933, the plaintiff brought a second suit against the same defendant on the same cause of action before a justice of the peace and again obtained a judgment for $50.80. The defendant then took an appeal to the court of common pleas. Defendant thereupon moved to strike off the judgment for nonpayment of the costs in the prior suit and also raised a question of jurisdiction of the magistrate. Judge Atlee, of this court, in an opinion filed on April 20, 1934, discharged the rule to strike off the judgment for nonpayment of the costs of the prior suit, and also decided the question of jurisdiction in favor of plaintiff. The defendant contends that the court did not finally determine or dispose of the motion to strike off the judgment for nonpayment of costs. However, the record shows a final disposition of that question by the court at that time and no appeal was taken therefrom to the appellate court. At the second trial held on the second suit between the same parties covering the same subject matter the defendant offered in evidence the full record of the first suit and asked for binding instructions in favor of the defendant because the costs of the first suit were not paid by plaintiff.

The defendant relies on the Act of August 2, 1842, P. L. 458, sec. 12, which provides: "in all cases where judgment shall be arrested on account of the

insufficiency of the declaration, a new suit shall not be commenced for the same cause of action, until the costs shall be paid in the first suit as in cases of a verdict and judgment for defendant."

In Flemming v. The Pennsylvania Ins. Co., 4 Pa. 475, 476, it is said:

"Costs are given to defendants in England by various statutes, the provisions of which, in that respect, are in force here, not only in cases where there has been a verdict and judgment in his favour, but also where the plaintiff has been non-suited, and also in cases of discontinuance, non pros., and judgment on demurrer; and there would seem to be no good reason for confining the practice of staying the plaintiff in a second action, until the costs of the former one for the same cause are paid, to cases where there has been a trial on the merits. The Court of King's Bench does not so confine it, but applies it to cases of nonsuit."

In Murphy v. Taylor, 63 Pa. Superior Ct. 85, it was decided that if a nonsuit had been entered and plaintiff brings a second suit against the same defendant for the same cause within a reasonable time, the court will stay the proceedings until the costs of the first suit are paid, but the proceedings will not be quashed. The court held that the practice of staying proceedings in a second action until the costs of the first suit are paid has its foundation in the control which courts have over their proceedings to prevent them from being made means of oppression. It is said in the opinion at page 87, "The penalty to which she should have been subjected was the delay of her cause until these costs were paid." The lower court quashed the writ on an affidavit of the defendant setting forth that the plaintiff had not paid the costs of the judgment of non pros. An appeal was taken therefrom and the judgment of the lower court was reversed. This case was affirmed by a later decision of the Superior Court in Bucci et al. v. Detroit Fire & Marine Ins. Co., 109 Pa. Superior Ct. 167, 174.

In Bryan v. Goldsmith, 20 Dist. R. 552, it was decided that the enforcement of the rule that costs in the first suit shall be paid before bringing a second suit for the same cause of action is in the sound discretion of the court. The vexation of the party is the ground on which the court interposes. The court said: "Where, however, it appears that the plaintiff made an honest mistake in his method of procedure and he is compelled to bring a second action, the rule has not been enforced".

In the instant case the defendant at no time asked to have the proceedings stayed until the costs of the first suit were paid by plaintiff. The defendant first asked to strike off the judgment recovered before the justice of the peace on which an appeal had been taken to the court of common pleas, and at the trial of the second suit again did not ask to have the proceedings stayed, but presented a point for binding instructions in favor of the defendant. Upon proper petition or motion the court is justified in staying the proceedings until the costs of the first suit are paid, but cannot quash the proceedings. However, it seems only fair and just that plaintiff should pay the sum of $21.45, being the costs of the first suit even at this stage of the case, and upon failure to do so within a reasonable time, the court might entertain a petition to stay any further proceedings in connection with this case until the same is paid. The plaintiff apparently intends to do so, because the plaintiff in his brief states: "On the payment of this judgment through the office of the prothonotary, the costs of the prior suit, of course, will have to be paid".

And now, August 1, 1934, the question of law reserved by the court is decided in favor of plaintiff and the motion for judgment n. o. v. in favor of the defendant and against the plaintiff in the above cause is hereby overruled.