## National Retailers Mutual Insurance Co. v. Sley System Garages, Inc.

*Ward C. Henry*, of *Swartz, Campbell & Henry*, for plaintiff.

*David J. Smyth, Marshall A. Coyne*, and *Gustave F. Straub*, for defendant.

CRUMLISH, J., May 28, 1942.—

1. This is a rule to stay proceedings pending the payment of costs of a former suit in which a compulsory nonsuit had been entered.

According to the petition before us, to which no answer has been filed, it appears that plaintiff instituted suit against defendant in the Municipal Court of Philadelphia, as of March term, 1941, no. 224; the cause of action therein stated was identical with the one herein set forth; and having come on for trial before the Honorable Eugene C. Bonniwell, judge, sitting without a jury, said court, after hearing plaintiff's evidence, entered a compulsory nonsuit against plaintiff. Defendant's costs which accrued in that action have not been paid. Defendant seeks to stay the proceedings instituted in this court until the costs which accrued in the former action shall be paid.

From the memorandum filed by plaintiff, we assume that it takes the position that in the absence of a specific rule of the courts of common pleas of this county we are without authority to make the rule absolute.

2. The answer to plaintiff's contention is found in the language of Thayer, J., in Gerety v. Reading Railroad Company, 9 Phila. 153 (1873) :

"The plaintiff having brought an action in this court, and failing upon the trial to make out his case, was nonsuited by the court. He then commenced another action against the same defendants for the same cause, without having paid the costs of the former action. Thereupon the defendants took the present rule. The practice of courts in staying proceedings in a second action for the same cause between the same parties, where the plaintiff has failed in his first suit, until he shall have paid the costs of that suit, is a very beneficial one, and too well settled to admit of any doubt. It is founded upon the necessary control which courts of justice have over their own proceedings, and their duty to prevent

them from being made the means of oppression and vexation. 3 Wilson, 149; 2 Wm. Bl. 741; 1 Tidd's Pr. 94; 2 T. R. 501 *n*; Beames on Costs, 209. It is a practice which, as has been well said, is convenient and just in all the aspects in which it can be viewed. Whatever may have been its origin, it is not confined to actions of ejectment, but applies equally to *all forms* of action. Nor is it confined to cases in which there has been a trial on the merits. It is applicable also to cases of nonsuits: *Nevitt* v. *Lade*, 3 Doug. 396; and to cases of discontinuance, *non pros.*, and judgment on demurrer."

See also Flemming v. The Pennsylvania Insurance Co., 4 Pa. 475, 476 (1846) ; Murphy v. Taylor, 63 Pa. Superior Ct. 85, 87 (1916) ; Keen v. Bockius, 10 W. N. C. 260 (1881) ; Smith v. Urian, 11 W. N. C. 284 (1881) ; Barton v. Jones, 15 W. N. C. 568 (1885) ; McDowell v. Delaware River R. R. Co., 19 W. N. C. 568 (1887) ; Marioni v. Melchiorri, 25 Dist. R. 521, 522 (1916) ; Bear v. Hallgren, 22 D. & C. 682, 683 (1934). See opinion by Sloane, J., in Bower v. Bower, C. P. No. 7, June term, 1941, no. 4802 (April 30, 1942).

3. Accordingly, defendant's rule to show cause why proceedings herein should not be stayed until plaintiff has paid all costs in its suit against defendant in the Municipal Court of Philadelphia as of March term, 1941, no. 224, is made absolute.