## Todd v. Correll

*A. Albert Gross*, for petitioner.
*William C. Fulmer*, for respondent.

FRACK, J., February 26, 1945.—William A. Todd instituted an action in trespass against Paul C. Correll, which was listed for trial for November 20, 1944. A motion made by plaintiff's counsel for a continuance was opposed by counsel for defendant, since the case had previously been continued and because defendant was again present in court with his witnesses. The continuance was denied. Plaintiff thereupon suffered a voluntary nonsuit.

One week later, plaintiff's counsel paid to the prothonotary the record costs of the aforesaid suit and filed a second suit against defendant on the same cause of action. On the same day, defendant filed a statement denominated "Defendant's Bill of Costs" covering defendant's witness fees and mileage, the constable's charge for subpœnaing said witnesses, and the cost of the subpœna itself.

After service of the summons and of the statement of claim was made on defendant, defendant petitioned the court for a rule upon plaintiff "to show cause why the proceedings [in the second suit] shall not be stricken off or stayed pending payment of costs in the former suit by the plaintiff". The disposition of this rule is now before us.

The right to recover costs in this Commonwealth rests entirely on statutory enactments: Steele v. Lineberger et al., 72 Pa. 239, 240; Novy et al. v. Novy et al., 324 Pa. 362. It is well established that a plaintiff dis-

continuing an action must pay costs. By virtue of the English statute, 8 Elizabeth, ch. 2, sec. 2, which is in force in Pennsylvania (see Report of Supreme Court Judges, 3 Binn. 621), the defendant is entitled to costs, where the plaintiff "shall not prosecute his suit with effect, but shall willingly suffer his suit to be delayed or suffer the same to be discontinued or be otherwise non-suited thereon": Griffiths v. Stadtmuller, 9 W.N.C. 348; Mitchell v. Christie (No. 2), 42 D. & C. 574.

Costs of the parties as well as fees of officers are included in a collection of costs: Flemming v. The Pennsylvania Insurance Co., 4 Pa. 475. Collection of costs may be enforced by affirmatively staying proceedings in another action on the same cause until the costs of the former proceeding have been paid: Hurst's Lessee v. Jones, 4 Dall. 329; Flemming v. The Pennsylvania Insurance Co., supra; Altman v. Altman, 12 Pa. 246; Murphy v. Taylor, 63 Pa. Superior Ct. 85; Remaly v. Hliva, 22 Northamp. 113; Terlecki v. Horon et al., 22 Northamp. 377. The same cases hold that, although the proceedings in the second suit will be stayed until the costs of the first suit are paid, the writ in the second suit will not ordinarily be quashed, although neglect to pay costs might, by the lapse of time under the rules of court, cause the loss of the action.

It was stated in the oral argument that when the record costs of the first action were paid to the prothonotary the following notation was entered on the docket: "Nov. 27, 1944. All costs paid. A Thurman Schlabach, Prothonotary, Per: Chas. A. Kolbe, Jr., Deputy". The effect of this notation merely is that the official costs of the prothonotary's office have been paid. The prothonotary has no power to receive a party's costs and give a discharge therefor: 1 Standard Pa. Practice (Courts) §§149, 178; Thomas v. Burnett, 21 Pitts. L. J. 13.

Considerable stress was laid in oral argument on the fact that defendant's bill of costs does not comply with

the court rules, as to form and as to information required to be contained therein. We shall not pass upon this contention since there was no exception taken to the bill of costs as filed, nor is there any motion to strike it from the record. On the prothonotary's records it remains unattacked, so that for the purpose of this opinion we must give it its prima facie evidentiary effect that costs are still to be paid. The granting of defendant's motion to stay proceedings in the second suit until plaintiff pays the costs of the earlier suit on the same cause of action rests in the discretion of the court: 14 Am. Jur. (Costs) §§58, 90.

And now, February 26, 1945, proceedings in the case of Todd v. Correll, December term, 1944, no. 22, are stayed pending payment of the costs in the suit between the same parties to June term, 1944, no. 25. After payment of the costs as aforesaid, defendant shall thereafter have 15 days to file an affidavit of defense, if he deem it necessary.