# Homemakers Loan & Discount Company
## v. Rowe

*Thomas J. Lyons,* for plaintiff.
*S. Sanford Kantz,* for defendants.

HENDERSON, *P.J.,* November 23, 1977—The question presented by defendant's preliminary objections is, what is the effect of plaintiff's filing of a complaint more than 20 days after a rule was entered upon it to file a complaint within 20 days or suffer entry of judgment of non pros, but before defendants filed a praecipe for non pros?

Defendants had filed a timely notice of appeal from a magistrate's judgment rendered against them and in favor of plaintiff. A praecipe to enter a rule upon plaintiff to file a complaint was filed along with the notice of appeal, as required by Justice of the Peace Rule 1004B. The notice and the rule were sent by certified mail to plaintiff's Sharon, Pa., office on July 28, 1977. Plaintiff did not file a complaint until 29 days later on August 26, 1977. Two weeks thereafter, on September 9th, the prothonotary, upon praecipe of defendant, en-

tered a judgment of non pros against plaintiff for its failure to file a complaint within 20 days of the issuance of the rule. On the same day, defendant also filed preliminary objections to strike off the complaint for lack of conformity to law or rule of court or to dismiss the complaint for lack of jurisdiction or lack of capacity to sue.. The sole basis averred for these objections was plaintiff's tardiness in filing his complaint.

According to the comments to Justice of the Peace Rule 1004, Pa. R.C.P. 1037(a) governs the procedure to be followed upon failure to file a complaint after a rule to do so is entered pursuant to Justice of the Peace Rule 1004B. Rule 1037(a) states:

"If a complaint is not filed within 20 days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

The entry of the non pros is not automatic upon the running of the 20-day time period. The filing of a praecipe by defendant is a condition precedent to any entry of non pros under this rule.

Here, the complaint was filed before the praecipe. A close reading of Rule 1037(a) would indicate that the praecipe must be filed and judgment of non pros entered before the filing of the complaint: 2 Goodrich-Amram 2d §1037(a):1; Sikorski v. Beschak, 41 Luz. 305 (1950); Cochran v. Nolan, 23 Dist. 458 (1914), 12 Del. Co. 375 (1913). If the purpose of the rule was to allow a judgment of non pros to be granted for every failure to file a complaint within 20 days, the rule would not contain the requirements of a praecipe by defendant. The prothonotary's entry of a non pros

against plaintiff was mistaken. If a motion to strike the non pros is made, it will be granted.

Defendant's preliminary objections must also fall. Plaintiff's minor tardiness should only penalize him when defendant acts in a timely fashion under Rule 1037. No reason now exists for dismissing or striking the complaint. Even if the judgment of non pros were to stand, plaintiff could file another suit on the same cause of action, after paying defendant's costs in this action, as long as the subsequent action is within the statute of limitations, since a judgment of non pros is not a judgment on the merits and, therefore, is not res judicata: Gordon-Stuart, Ltd. v. Allen Shops, Inc., 239 Pa. Superior Ct. 35, 361 A.2d 770 (1976); Homemakers Loan and Consumer Discount Co. v. McLaughlin, No. 517 of 1977 C.A. (C.P. Lawrence Co., 1977).

Plaintiff's delay in filing its complaint does not affect its capacity to bring suit or the court's jurisdiction over the parties and subject matter. Since the filing of the complaint has cured any violations of the rules of court, the complaint need not be stricken. Defendant's preliminary objections are denied.

ORDER

Now, November 23, 1977, in conjunction with the opinion filed herewith, it is hereby ordered, adjudged and decreed that defendant's preliminary objections are overruled and defendants are granted 20 days from the date hereof within which to file responsive pleading.