537 A.2d 878

**Ernest and Vivian JACKSON, Appellants,**

v.

**MODERN MAILERS, INC.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1987.

Filed Feb. 16, 1988.

P. Joseph Nicola, Philadelphia, for appellants.

Nathaniel Ehrlich, Philadelphia, for appellee.

Before BECK, KELLY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which granted the motion for summary judgment which was filed by appellee-defendant, Modern Mailers, Inc. We affirm in part and must remand in part for the reasons herein stated.

Appellants-plaintiffs, Ernest and Vivian Jackson, raise the following issues: (1) whether the complaint which was filed on October 21, 1983, was within the statute of limitations and had the effect of tolling the statute; and (2) whether the complaint which was filed on October 21, 1983,

sufficiently notified appellees of the existence of a claim against it to permit appellants to proceed with the subsequently filed complaint of June 4, 1985.[1]

The facts in this case set forth the following scenario:

On June 2, 1982, appellants instituted an action by filing a writ of summons against the appellee for injuries sustained on January 5, 1982, when the car driven by Ernest Jackson allegedly lost control during the time that Jackson was driving down the service road. The appellee's driveway collapsed, and the asphalt dropped causing Jackson's vehicle to lose control.

The appellee filed a rule to file a complaint upon the appellants, and a non pros was entered six months later, on May 6, 1983. Subsequently, on October 21, 1983, appellants filed a trespass action listing the same court term and number as the action which was non prossed.

On February 13, 1985, appellants then filed a motion to compel answers to interrogatories against the appellee. Two months later, the trial court entered an order denying the motion because the docket entries were identical to the action which was non prossed. Appellants appealed, and we quashed the appeal. *Jackson v. Modern Mailers, Inc.,* 364 Pa.Super. 654, 525 A.2d 822 (1987).

On May 24, 1985, a petition to open non pros was filed, which was denied. Another appeal followed, and we quashed.

On June 4, 1985, appellants filed another complaint under a different court term and number. However, this complaint asserted the same theories and injuries and was based upon the same events as were set forth in the October, 1983, complaint. On September 19, 1986, appellee filed a motion for summary judgment which was granted on February 2, 1987. This appeal followed.[1]

1. We note that in August of 1987, this Court granted appellants' petition for leave to file a reply brief.

We affirm in part and must reverse in part.

We recognize the following principles:

When an action is dismissed, with prejudice, for failure to prosecute a claim, it is contemplated that that action is terminated unless the plaintiff takes positive steps to reinstate the cause of action within the applicable period of the statute of limitations. As the Commonwealth Court explained in *Thompson v. Cortese*, 41 Pa.Commw. 174, 398 A.2d [1079] (1979), when an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to the plaintiff because it is not an adjudication on the merits; rather, it means only that the plaintiff whose complaint is thus dismissed cannot reinstate that complaint unless he first petitions the court to exercise its discretion to remove the non pros and establishes certain facts. *Id.* at 178, 398 A.2d at 1082. *See also Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Company*, 298 Pa.Super. 454, 444 A.2d 1272 (1982). The underlying reasons for such a policy are clear-prompt, final conclusion of pending matters, and removal from the docket of cases which would otherwise clutter it for an unreasonable length of time. *Cf. Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Company*, supra. *Robinson v. Trenton Dressed Poultry Co.*, 344 Pa.Super. 545, 549, 496 A.2d 1240, 1242 (1985).

■ In this case, the trial court correctly concluded that the two year statute of limitations in this case bars the appellants' action. 42 Pa.C.S.A. § 5524. This issue has been the subject of previous opinions of this Court, and we again conclude that appellants' action is barred. As the trial court aptly stated, "notice in fact founded upon a nullity in the law cannot be denied to be an effective basis for nullifying" the statute of limitations. Trial Court's Opinion of April 7, 1987 at 3.

For the reasons set forth in the trial court and in the prior opinions of this Court, appellants are not entitled to relief.

■ Appellee also requests that this Court award counsel fees pursuant to Pa.R.A.P. 2744 which provides:

If an appellate court shall determine that an appeal is frivolous, it may award as further costs an attorney fee of $25 and damages at the rate of 6% per annum in addition to legal interest.

See also 42 Pa.C.S.A. § 2503(9) and 42 Pa.C.S.A. § 1726(1) and (3).

According to appellants, counsel fees should not be awarded because their filing of a new complaint under a different term and number presented a different issue not previously addressed by this Court.

Contrary to appellants' argument, we have previously ruled upon the legal effect of a judgment of non pros and have said:

The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action provided, however, that the second suit is brought within the period of the statute of limitations. *Gordon–Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770 (1976); *Bucci v. Detroit Fire and Marine Insurance Co.*, 109 Pa.Super. 167, 167 A. 425 (1933).

*Doner v. Jowitt and Rodgers Co.*, 299 Pa.Super. 492, 497, 445 A.2d 1237, 1239 (1982).

Because of the settled nature of the legal issue presented and because of appellants' two previous appeals to this Court regarding the same cause of action, we conclude that the instant appeal is frivolous and that counsel fees should be awarded.

The order is affirmed in part, the matter is remanded in part for the determination of counsel fees. Jurisdiction is relinquished.