Commonwealth of Pennsylvania, Department of Public Welfare, Appellant *v.* Samuel Marvin Flowers, Appellee.

Argued June 8, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Richard L. Colden, Jr.*, Assistant Attorney General, with him *Prince Altee Thomas*, Assistant Attorney General, for appellant.

*Samuel Marvin Flowers*, appellee, for himself.

Opinion by Judge Mencer, October 3, 1979:

The Commonwealth of Pennsylvania (Commonwealth), on June 27, 1972, instituted an action in assumpsit in the Court of Common Pleas of Berks County against Samuel Marvin Flowers (Flowers), in an attempt to recover the sum of $3,017 paid by the Commonwealth to Helen R. Flowers and her minor child under various assistance programs. Under the Berks County Rules of Court adopted to carry out the general policy of Pa. R.J.A. No. 1901(a), the Prothonotary of the Court of Common Pleas of Berks County, on December 28, 1975, terminated the Commonwealth's assumpsit action against Flowers for failure to prosecute that action for a period in excess of two years.

The Commonwealth petitioned the court below to reactivate its assumpsit action and, after argument,

this petition was dismissed. No appeal was taken from this ruling but, on November 15, 1977, the Commonwealth filed a new complaint in assumpsit against Flowers. Flowers filed a motion to strike that portion of the complaint which sought damages for a period of time included by the Commonwealth in its prior terminated suit.[1] The court below granted the motion to strike, and this appeal followed. We affirm.

We conclude that the court below reasoned correctly[2] as follows:

> The issue before us in the present case is whether or not a final order of this court refusing to reactivate a case terminated under Rule 1901 of the Rules of Judicial Administration, as implemented by our Rule 650, terminates both the case *and* its underlying cause of action. We determine that it does.
>
> In this respect, we find that Rule 1901 compels a result different from that which obtains

---

[1] The period of time involved is June 20, 1969 to December 7, 1971.

[2] We conclude that this case is not controlled by *Thompson v. Cortese*, 41 Pa. Commonwealth Ct. 174, 398 A.2d 1079 (1979), where we held that a prothonotary had no authority to enter judgment upon praecipe of a party benefited by administrative dismissal of a stale claim. In *Thompson*, we recognized that Pa. R.J.A. No. 1901 sets forth a judicial policy to resolve pending cases as promptly as possible and, if a plaintiff's stale claim is dismissed, he may still petition the court to (1) take off the non pros or (2) bring a second action. Here the Commonwealth did petition to take off the non pros and reactivate its dismissed complaint but failed to appeal from the court's denial of this petition. The Commonwealth in the instant case failed to petition the trial court to bring a second action by the filing of a new complaint and, accordingly, we cannot speculate that its failure to do so was due to its inability to meet the criteria (timely filing of the petition, reasonable explanation for the delay, and allegations of facts constituting a cause of action) utilized in *International Telephone & Telegraph Corp. v. Philadelphia Electric Co.*, 250 Pa. Superior Ct. 378, 378 A.2d 986 (1977).

after a court order refusing to take off a voluntary nonsuit, or remove a judgment of *non pros*, becomes final. In these latter situations, a final and unappealed court order does not destroy the underlying cause of action, and the plaintiff, if within the statute of limitations, can commence and prosecute a new proceeding upon the same cause of action. Scharf v. Richard De Cou Co., 320 Pa. 552, 183 Atl. 41 (1936); Delmonico International Corp. v. Phillips, 59 D. & C. 2d 235 (C.P. of Phila. Co., 1972).

We find the purpose of Rule 1901 is to clear court dockets of old, inactive cases and put old causes of action to rest. Subsection (a) of the Rule reads:

> '*General Policy*. It is the policy of the unified judicial system to bring each pending matter to a *final* (emphasis supplied) conclusion as promptly as possible consistent with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion shall enter an appropriate order terminating the matter.'

If we were to hold that the Commonwealth can now reinstate its action by filing it again to a new term and number, the whole purpose of Rule 1901 would be frustrated and the words 'final conclusion' used in subsection (a) would be meaningless. For these reasons we will not limit the words 'pending matter,' as used in subsection (a) of the Rule, to mean the inactive court proceeding alone, divorced from its underlying cause of action. (Emphasis in original.)

Order affirmed.

## ORDER

AND Now, this 3rd day of October, 1979, the order of the Court of Common Pleas of Berks County, dated May 2, 1978, striking the portion of the Commonwealth's cause of action against Samuel Marvin Flowers which seeks to recover damages for the period June 20, 1969 to December 7, 1971, is hereby affirmed.