444 A.2d 1272

**BON HOMME RICHARD RESTAURANTS, INC., a
Pennsylvania Corporation, Appellant,**

**v.**

**THREE RIVERS BANK AND TRUST COMPANY, a
Pennsylvania Corporation.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1981.

Filed April 23, 1982.

Petition for Allowance of Appeal Denied
Sept. 16, 1982.

---

7. As stated in footnote 1, *supra*, the lower court judge did not write an opinion.

8. This court relinquishes jurisdiction.

Howard T. Gilfillan, Pittsburgh, for appellant.

Stephen Laidhold, Pittsburgh, for appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

The instant matter was begun by complaint in equity on April 21, 1975. There was activity on the docket until March of 1976. When the plaintiff-appellant filed notice of deposi-

tion in March of 1978, on a date slightly beyond the two-year period of inactivity provided for termination of cases under Local Rule 229(e), defendant-appellee filed a petition to strike requesting that the case be dismissed pursuant to that rule.

The appellant did not petition either for reactivation of the 1975 complaint or for permission to bring a second action. Such a petition would have been required to allege that: (1) the petition was timely filed; (2) the reason for the default was reasonably excused; (3) facts constituting a meritorious cause of action were alleged. *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.,* 250 Pa.Super. 378, 378 A.2d 986 (1977).

Instead, appellant simply began another action under another court term and number on January 29, 1981. The appellee filed preliminary objections, which were sustained, and the second complaint was dismissed by Order of March 24, 1981.

The various arguments appellant advances in refutation of the lower court's action in dismissing the instant complaint all resolve themselves into a simple misunderstanding of the statutory language. Appellant bases his argument on wording in *Thompson v. Cortese,* 41 Pa.Cmwlth. 174, 182, 398 A.2d 1079, 1083 (1979) and lists as an "accord" the case of *Commonwealth Department of Public Welfare v. Flowers,* 46 Pa.Cmwlth. 326, 407 A.2d 896 (1979). Examination of the phrase as set forth in those two cases easily solves the problem posited. *Thompson's* version is as follows:

However, if a plaintiff's stale claim is dismissed, he may still petition the court to take off the non pros *or bring a second action* regardless of whether or not a formal entry of judgment has been made. (Emphasis as supplied by appellant's brief)

Where the case supposedly in "accord" is reviewed, however, we find the rule set out as follows:

In *Thompson,* we recognized that Pa.R.J.A. No. 1901 sets forth a judicial policy to resolve pending cases as promptly as possible and, if a plaintiff's stale claim is dismissed, he

may still petition the court to (1) take off the non pros or (2) bring a second action. *Flowers, supra,* at 897, n.2.

Clearly, the alternatives do *not permit* unilateral action by the party seeking reinstatement of its action. A petition setting forth the three necessary allegations in excuse of delay must be submitted to the court.

Whether the party requests that the original case be reinstated or requests permission to start the same cause of action under a new term and number is evidently not material. What is important is that he shall give cogent reasons for his inactivity, and that the *court* shall determine whether permission to proceed will be forthcoming.

For a plaintiff to simply have the option of re-filing under a new number at will after the statute of limitations has run would make a mockery of the judicial policy Pa.R.J.A. 1901, *supra,* was designed to serve: to bring each pending matter to a final conclusion promptly and to remove from the docket the cases cluttering it for an unreasonable length of time.

Plaintiff in this case had a remedy to pursue, but simply chose to make an "end run" around the Rules. The court below was proper in refusing to permit this action.

Order affirmed.

WIEAND, J., files dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. I perceive no valid reason for refusing to permit a second action if the statute of limitations has not expired and the costs have been paid in the earlier action which was dismissed for inactivity. Cf. *Thompson v. Cortese,* 41 Pa.Commonwealth Ct. 174, 182, 398 A.2d 1079, 1082 (1979).

Pa.R.J.A. 1901, pursuant to which Allegheny County Rule 229(e) was adopted, is an administrative, house-keeping rule intended to eliminate stale cases from the judicial system where the parties have failed to proceed. The rule was not intended to achieve a substantive disposition of cases on

their merits. This is apparent from the comment to Rule 1901, where it is said: "The rule has no effect on the substantive law and thus a termination effected pursuant to the rule will not necessarily foreclose further proceedings in the matter . . . ."

This Court has previously compared an order dismissing a civil action for inactivity to an order entering a judgment of non pros. *See International Telephone and Telegraph Corporation v. Philadelphia Electric Company*, 250 Pa.Superior Ct. 378, 378 A.2d 986 (1977). In such cases, "the crucial fact is that the plaintiff . . . has never been afforded a day in court to present his claim on the merits, albeit due to his own delay or failure to appear. Nevertheless, it is well settled that in . . . these situations the plaintiff is permitted to commence an identical second action provided the statute of limitations has not expired and the costs . . . have been paid." *Commonwealth v. Bailey*, 278 Pa.Superior Ct. 51, 54, 419 A.2d 1351, 1352 (1980). *See also Brower v. Berlo Vending Co.*, 254 Pa.Superior Ct. 402, 386 A.2d 11 (1978); *Gordon-Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Superior Ct. 35, 361 A.2d 770 (1976); *Bucci v. Detroit Fire & Marine Insurance Co.*, 109 Pa.Superior Ct. 167, 174, 167 A. 425, 427–28 (1933). Compare: Pa.R.C.P. 231(a). The same rule, in my judgment, is applicable where an action has been dismissed pursuant to local rule adopted under Pa.R.J.A. 1901.

The majority impliedly holds that the action is barred by the statute of limitations. My review of the complaint suggests otherwise. The action is in equity and seeks to terminate a current lease and recover damages for continuing violations thereof by the defendant lessor. Accordingly, I am unable to join the majority's decision to affirm the summary dismissal of the action. Instead, I would reverse and remand for further proceedings in which appellee-defendant, if it chooses to do so, can plead the statute of limitations as an affirmative defense (*See* Pa.R.C.P. 1030) and the trial court, if the issue be properly raised, can determine the merits thereof.