Samuel B. McCARTER, First Seneca Bank & Trust Co. and Allan Levine co-executors of the Estate of Dr. Leo Levine and Olive M. Heck

v.

Merle B. MITCHAM, Butcher & Singer, Inc., and Thomas Gabreski.

Civ. A. No. 87-34 ERIE.

United States District Court, W.D. Pennsylvania.

Aug. 31, 1988.

**350**

Irving O. Murphy, James R. Walczak, MacDonald Illig Jones & Britton, Erie, Pa., for plaintiffs.

Edward C. Mergel, Jr., Philadelphia, Pa., Richard W. Kooman, Clarion, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

We previously dismissed this federal securities fraud and RICO action based on the res judicata effect of a state court order dismissing an earlier state court action. In the earlier suit these same plaintiffs asserted claims based on the same events described in this action. Pending at this time is plaintiffs' motion for reconsideration.

## FACTS

This case has a rather tortuous history and for the sake of clarity we review it here.

On November 18, 1983, plaintiffs instituted suit in the Court of Common Pleas of Warren County by the issuance of summons. The defendants were the same as those named in the later federal suit.

On August 16, 1984, pursuant to Warren County Local Rule 37, the court advised plaintiffs that the action would be dismissed if the case was not placed on the trial list within 240 days of commencement of suit. By September 1984, 10 months had passed since the issuance of the summons and no Complaint had been filed. On September 17, 1984 the Court of Common Pleas ordered plaintiffs to file a Complaint on or before December 16, 1984 and complete discovery by January 15, 1985. Despite this order plaintiffs did not file a Complaint or initiate discovery, and no request for extension of time was filed.

On January 21, 1985 defendants moved to dismiss the Complaint. Only then did plaintiffs request an extension of time, a motion which the court did not rule on. Although untimely, plaintiffs then filed their Complaint on April 25, 1985. The state court heard argument on defendants' motion and by Opinion and Order dated September 24, 1985 dismissed plaintiffs' action for failure to comply with the Court's order setting deadlines. In its Order, the Common Pleas Court specified that dismissal was "with prejudice".

Plaintiffs appealed to the Pennsylvania Superior Court which affirmed. Plaintiffs then sought allocatur from the Pennsylvania Supreme Court.

On February 17, 1987 plaintiffs filed the present federal action, alleging the same facts recited in the state action but asserting federal securities laws and RICO claims absent in the Warren County suit. Defendants moved to dismiss on various grounds, including the preclusive effect of the state court's order of dismissal.

On May 6, 1987 we issued an Opinion and Order dismissing this action as barred by the res judicata effect of the state court's order. Plaintiffs promptly sought reconsideration and oral argument. Before we could rule on the motion counsel advised us that the Pennsylvania Supreme Court had granted allocatur on the state court action. We, therefore, stayed all action until the Supreme Court had ruled.

Unfortunately the Supreme Court later withdrew the grant of allocatur, allowing the dismissal order to stand. The parties then renewed their efforts for and against the plaintiffs' motion for reconsideration pending before us. Based on several recent decisions on statute of limitations issues, defendants have also asserted alternative grounds for dismissal of the Complaint.

We should note that plaintiffs argued to the state courts that any delay in filing the

Complaint was due to an illness which struck plaintiffs' counsel in late 1984. The Common Pleas Court considered this matter but in its Opinion concluded that counsel's illness was not sufficient excuse. The merits of this excuse and the wisdom of the state court's decision are not before us for consideration and we make no comment on them. We are limited quite narrowly to the preclusive effect of the state court's dismissal order.

## DISCUSSION

### A) Res Judicata

■ Plaintiffs make much of the fact that the state court's decision was not "on the merits", the supposed sine qua non for preclusive effect in Pennsylvania. We recognized this argument in our original Opinion and we noted that "on the merits" in this context is a term of art and may not be read literally. See, *Wade v. City of Pittsburgh*, 765 F.2d 405, 408 (3d Cir.1985); Restatement of Judgments 2d § 19, comment a. In fact the authors of the Restatement decry the use of this term with its "possibly misleading connotations."

For example, in Pennsylvania an order dismissing an action for failure to comply with a court order will be given preclusive effect, even though the decision is not "on the merits" in the ordinary sense of the term. *Wade*, 765 F.2d at 408; *Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank*, 298 Pa.Super. 454, 444 A.2d 1272 (1982). In this case there is no dispute that plaintiffs failed to comply with the Common Pleas Court's orders setting deadlines for filing the Complaint, completing discovery and placing the case on the trial list. As noted above, the state court concluded that plaintiffs' failures were unexcused and we may not second-guess that conclusion. Because Pennsylvania courts would give preclusive effect to a dismissal for failure to comply with court orders, this action is barred even though the merits have not been addressed.

Plaintiffs argue that dismissal here was for non pros and under Pennsylvania law such an action may be refiled within the limitations period, provided plaintiffs tender to defendant the costs incurred in the initial suit. However in the circumstances of this case, a second suit may not be brought without leave of court for good cause shown. *Bon Homme Richard*, 298 Pa.Super. 454, 444 A.2d 1272; *Robinson v. Trenton Dressed Poultry Co.*, 344 Pa.Super. 545, 496 A.2d 1240 (1985). In this case plaintiffs attempted to show good cause to the state court to avoid dismissal of the original state court action. That court considered the issue and concluded that plaintiffs' failures were unexcused. We may not now entertain the same issues and reach a contrary result.

It is important to note that in this case we are presented with a strong statement of the state court's intentions as to the preclusive effect of its dismissal order. The Common Pleas Court plainly specified that dismissal was "with prejudice", and this order was affirmed on appeal. We are constrained to give to this order the preclusive effect the courts of Pennsylvania would accord it and the plain import of the phrase "with prejudice" is that no further litigation of the matter is contemplated or permitted.

### B) Statute of Limitations.

■ During the pendency of the motion for reconsideration the United States Supreme Court and the Third Circuit have issued decisions on the appropriate limitations period for federal securities law and RICO claims. Defendants have advanced these recent developments as an alternative basis for dismissal.

In *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 479 U.S. 1080, 107 S.Ct. 1278, 94 L.Ed.2d 138 (1987), the Supreme Court held that the 4–yr. statute of limitations contained in the Clayton Act is the appropriate limitations period for civil RICO violations. In doing so the Court rejected analogous state statutes of limitations in favor of other federal limitations periods which promote uniformity and comport more closely with the purposes of the federal cause of action.

Following *Malley–Duff,* the Third Circuit considered whether analagous state or fed-

eral limitations periods should apply to § 10(b) and Rule 10b–5 claims. *In re Data Access Systems Securities Litigation,* 843 F.2d 1537 (3d Cir.1987). In *Data Access,* the Circuit sitting en banc determined that the limitations period contained in the Securities Exchange Act of 1934 was the most closely analogous and appropriate for application to § 10(b) and Rule 10b–5 claims. That statute requires suit to be filed within one year after the plaintiff discovers the facts constituting the violation, and in any event no more than three years after such violation. If *Data Access* is applicable in the present case plaintiffs' securities law claims would be time-barred. The allegedly fraudulent transactions occurred in 1981 and plaintiffs certainly knew of the violations when they instituted the state court action on November 18, 1983. This federal suit was begun February 17, 1987.

The question left unanswered by the en banc court in *Data Access* was whether this holding should be given retrospective application. A three judge panel of the Third Circuit addressed the issue in *Hill v. Equitable Trust Co.,* 851 F.2d 691 (3d Cir. 1988) and concluded that retrospective application of *Data Access* was appropriate and consistent with the tenets of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

The *Chevron* analysis requires consideration of 3 criteria to determine whether the holding should be limited to prospective application:

(1) The holding must establish a new principle of law, either by overruling clear past precedent on which litigants may have relief, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.

(2) The merits and demerits in each case must be weighed by looking to the history of the rule in dispute, its purpose and effect, and whether retrospective operation will further or retard the rule's operation:

(3) Retrospective application must create the risk of producing substantially inequitable results. *Chevron Oil Co.,* 404 U.S. at 106–07, 92 S.Ct. at 355.

As to the first criterion, the panel in *Hill* determined that prior decisions on the applicable limitations period could best be described as uncertain. *Hill,* 851 F.2d 691; See, *Biggans v. Bache Halsey Stuart Shields, Inc.,* 638 F.2d 605 (3d Cir.1980); *Roberts v. Magnetic Metals Co.,* 611 F.2d 450 (3d Cir.1979); *Hill v. Der,* 521 F.Supp. 1370 (D.Del.1981). We are bound by the Circuit's conclusion in *Hill* that *Data Access* did not signal an abrupt change in clearly established law nor did it decide an issue of first impression not clearly foreshadowed. It is important to note that plaintiffs here knew of their claim by November 1983 when they filed the state court action and there was nothing more certain or definitive at that time on the limitations issue than what was available to the *Hill* plaintiffs a year earlier. As the *Hill* panel decided, plaintiffs could not justifiably rely on any of the extant decisions in deciding to delay filing suit. Thus the first criterion of *Chevron* supports retrospective application.

The *Hill* panel also determined that the second *Chevron* criterion—whether retrospective operation would further or retard the rule's function—is neutral. Again, absent facts to differentiate this case from *Hill,* this holding is binding upon us.

Analysis of the third *Chevron* criterion also supports retrospective application of the *Data Access* holding. Because plaintiffs' claims are equivalent to a claim under § 503 of the Pennsylvania Securities Act, 70 Pa.Stat.Ann. § 1–503, the limitations period provided by the Act would be the most analagous state law. 70 Pa.Stat.Ann. § 1–504(a); *Bull v. American Bank and Trust Co.,* 641 F.Supp. 62 (E.D.Pa.1986). That limitations period is 3 years from the date of the violation, a period which clearly expired prior to the filing of the federal lawsuit. Thus plaintiffs' claims would be barred even if we did not employ the *Data Access* holding.

Thus two of the three *Chevron* criteria support retrospective application, and the third is neutral. For the reasons stated above we conclude that the holding of *Data Access* is applicable to the present case and

Count I of plaintiffs' Complaint asserting federal securities law claims is barred by the statute of limitations.

The RICO claim asserted in Count II presents a different problem. Although *Malley–Duff* established a uniform 4 year limitations period for RICO claims, the Court did not have the opportunity to address other related issues such as when a cause of action accrues. On the present record we are unable to determine when the RICO cause of action accrued or when plaintiffs discovered the violation, and because these are factual issues we cannot address them on a motion to dismiss. For this reason it is also unnecessary for us to determine if *Malley–Duff* should be accorded retrospective application. Defendants have also challenged the sufficiency of the pleading of the RICO count, but because the RICO claim is subject to the bar of res judicata described above, we make no ruling on the varied aspects of defendants' motion to dismiss the RICO count on alternative grounds.

### CONCLUSION

For the reasons stated above, we conclude that all of plaintiffs' claims are barred by principles of res judicata, and plaintiffs' motion for reconsideration will be denied. Furthermore, we conclude that plaintiffs' claims under federal securities law asserted in Count I are also barred by the statute of limitations. We make no ruling on defendants' alterntive grounds for dismissal of the RICO count. An appropriate order will follow.