Robert S. ADELAAR, et al., Plaintiffs,

v.

LAUXMONT FARMS, INC., et al., Defendants.

Chris P. TOUNTAS, Plaintiff,

v.

LAUXMONT FARMS, INC., et al., Defendants.

Civ. A. Nos. 87–0062, 87–0243.

United States District Court, M.D. Pennsylvania.

Sept. 16, 1988.

---

Paul M. Black, Stephen A. Northup, M. Scott Hart, Mays and Valentine, Richmond, Va., Terry W. Light, Brann and Light, P.O., Lewisburg, Pa., for plaintiffs.

Ronald M. Katzman, Goldberg, Katzman & Shipman, Harrisburg, Pa., for Lauxmont Farms, Inc., Lauxmont Farms, II, Inc., Lauxmont Farms, III, Inc., Ronald C. Kohr, Brach Kohr & James D. Kohr.

James J. Clark, Devon, Pa., pro se.

Jack M. Stover, James J. Kutz, Shearer, Mette, Evans & Woodside, Harrisburg, Pa., for Larson, Shannonhouse, Ingham & Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc.

Clyde W. McIntyre, McNees, Wallace & Nurick, Harrisburg, Pa., for Advest, Inc., Betty Griffin, Raymond T. Waller & Russell M. Sterling.

Daniel J. Ryan, Daniel P. Lynch, Philadelphia, Pa., for Richard E. Thompson, Bernard A. Rosner & Professional Planning Assoc.

John W. Purcell, Jr., Valerie A. Potteiger, Purcell, Nissley, Krug & Haller, Harrisburg, Pa., for Anchor Nat. Financial Services, Inc.

Jeffrey R. Boswell, Brigid Q. Alford, Berman, Boswell, Tintner & Piccola, Harrisburg, Pa., for Howard Leeb, Leeb & Assocs., Sprunger, Morganthau & Morganthau & Assocs.

C. William Hoilman, President, MHA Financial Corp., Braintree, Mass., for MHA Financial, Mulvaney & Mitchell.

Burck Bailey, Fellers, Snider, Blankenship, Bailey & Tibbens, Oklahoma City, Okl., John Havas, Larry L. Miller, Foulkrod, Reynolds and Havas, Harrisburg, Pa., for Joseph G. Shannonhouse IV.

Peter C. Clement, Palm Harbor, Fla., for Irving Melker.

G. David Pauline, Harrisburg, Pa., for MHA Financial Corp.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

Defendants, Andrews Davis Legg Bixler Milsten & Murrah, Timothy M. Larason and Richard G. Ingham, have filed a motion for judgment on the pleadings, contending that count II of the plaintiffs' complaint, a claim pursuant to section 10(b) of the Securities and Exchange Act of 1934 (the 1934 Act), 15 U.S.C. § 78j(b), and its corresponding rule, 17 C.F.R. § 240.10(b)–5, and count IV, an aiding and abetting claim based upon the securities claim set forth in count II, are barred by the statute of limitations recently adopted by the Third Circuit in *In Re Data Access Systems Securities Litigation*, 843 F.2d 1537 (3d Cir.1988) (en banc), *petition for cert. filed sub nom. Vitiello v. I. Kahlowsky & Co.*, 57 U.S.L.W. 3092 (U.S. June 30, 1988) (No. 88–54). Defendants, Advest, Inc., Betty Griffin, Raymond T. Waller, Russell W. Sterling, Investments Incorporated, William Schmidt, Peter Stipanovich, Mercer Diversified Securities, Inc., Thomas K. Mercer and J.I.I. Securities, Inc., have also filed a motion for judgment on the pleadings on the same ground. Most of the other defendants have filed statements joining the Andrews Davis motion. Plaintiffs have opposed the motions. They have been fully briefed and are now ripe for disposition.

### II. *Discussion.*

In *Data Access, supra*, the Third Circuit adopted for use in section 10(b) and Rule 10(b)–5 actions (hereinafter "10(b)–5 claims") the express statutes of limitations already found in the 1934 Act. Such claims must now be brought within "one year after plaintiff discovers the facts constituting the violation, and in no event more than three years after such violation." 843 F.2d at 1550. The Third Circuit made clear that the three year period was an absolute limit, a "period of repose", *id.* at 1546, which was not subject to any equitable tolling doctrine suspending the running of the statute dur-

ing the time a plaintiff could not have reasonably known about violations.

The sales of the limited partnerships at issue in the instant case all took place from 1978 through 1981. Under *Data Access,* this lawsuit would therefore be untimely as to 10(b)–5 claims since it was filed in January of 1987, more than three years after the last possible sale.

Plaintiffs argue, however, that the circumstances of the instant case, in light of the three part test in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed. 2d 296 (1971), indicate that *Data Access* should not be applied retroactively. Conversely, defendants urge us to apply the general rule that a court should look to the law in effect at the time of its decision. *See Mineo v. Port Authority,* 779 F.2d 939 (3d Cir.1986), *cert. denied,* 478 U.S. 1005, 106 S.Ct. 3297, 92 L.Ed.2d 712 (1986). They also argue that retroactive application is proper here under *Chevron.*[1]

The parties originally argued without the benefit of *Hill v. Equitable Trust Co.,* 851 F.2d 691 (3d Cir.1988), but they have filed supplemental briefs addressing that decision. The Court in *Hill,* after considering the *Chevron* test, applied *Data Access* retroactively. We will therefore begin our analysis with *Hill,* bearing in mind, however, that the circumstances of the individual case must be considered. *See, Al-Khazraji v. Saint Francis College,* 784 F.2d 505 (3d Cir.1986), *aff'd,* — U.S. —, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). In *Hill,* the District Court of Delaware had held that the 10(b)–5 claims of non-Delaware residents were subject to the Maryland statute of limitations, the state of the defendant bank's improper activities. The limitations period was one year from discovery or three years from sale. The non-Delaware residents' claims were therefore barred since the relevant transactions had taken place in November of 1978 and the filing of the lawsuit in April of 1982. During the pendency of the *Hill* appeal, *Data Access* was decided. The issue then be-

came whether that decision should be applied retroactively in *Hill.* Referring to the *Chevron* test, the Third Circuit noted that nonretroactive application of a decision depends upon the following considerations:

(1) The holding must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;

(2) The merits and demerits in each case must be weighed by looking to the history of the rule in dispute, its purpose and effect, and whether retrospective operation will further or retard the rule's operation;

(3) Retrospective application must create the risk of producing substantially inequitable results.

*Hill, supra,* 851 F.2d at 696 (citing *Chevron, supra* ).

### A. *The Clearness of Past Precedent.*

Plaintiffs argue that the first consideration has been satisfied here; that at the time they contemplated filing suit the law in the Third Circuit clearly and unambiguously applied the Pennsylvania common law fraud statute of limitations to federal securities claims against non-sellers and that the federal equitable tolling doctrine tolled the statute against all defendants, including sellers, until a plaintiff knew, or could have reasonably known, about the claim. Plaintiffs point to *Sharp v. Coopers & Lybrand,* 649 F.2d 175 (3d Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982) and *Biggans v. Bache Halsey Stuart Shields, Inc.,* 638 F.2d 605 (3d Cir.1980). They also note our own reference to how the Third Circuit had "already emphatically spoken in *Biggans* and *Sharp."* (Memorandum, dated Aug. 18, 1987, at p. 10).

As noted, plaintiffs' purchases of the limited partnerships at issue in the instant case occurred between 1978 and 1981.

---

1. The Lauxmont defendants also contend that the claims against them are time-barred because, as *sellers* of the limited partnerships, the law has always been to apply the state Blue Sky statute of limitations which bars the suit against them. Based upon our analysis below we see no need to discuss this contention, although we believe it to be correct.

Plaintiffs allege, and we accept as true for the purposes of these motions, that they discovered their causes of action in April of 1986. This lawsuit was initiated on January 17, 1987. In *Hill*, the plaintiffs were aware as early as June of 1979 that they had a potential claim against the defendant, Equitable, and filed suit in April of 1982. Despite the different time frames, the *Hill* analysis is equally applicable here since the main cases available from the Third Circuit for guidance, *Roberts v. Magnetic Metals Co.*, 611 F.2d 450 (3d Cir. 1979), and *Biggans*, are the same ones the Third Circuit concluded in *Hill*, as to the first *Chevron* factor, were "uncertain" precedent, whose "factual situations ... left considerable room for variation...." 851 F.2d at 697. This holding forecloses any independent analysis we could undertake, *see McCarter v. Mitcham*, 693 F.Supp. 349 (W.D.Pa.1988), despite the court's failure to refer to *Sharp*. *See Prospect Purchasing Co. v. Weber, Lipshie & Co.*, 694 F.Supp. 1149 (D.N.J.1988). *But see Gruber v. Price Waterhouse*, 1988 WL 89873 (E.D.Pa. Aug. 26, 1988).

Plaintiffs further argue, aside from the state of the law on the statute of limitations, that the law on equitable tolling was certainly clear enough that they should be entitled to rely upon it. They cite *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). That case is distinguishable, however, because it dealt simply with tolling a statute of limitations. In this case, we are dealing with a split statute, providing a one year limitations period and a three year statute of repose. While plaintiffs have also cited cases from other circuits, including *Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996 (5th Cir.1974), *cert. denied*, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975), which have applied the tolling doctrine to statutes of repose, they have directed us to no Third

Circuit decisions doing the same. Plaintiffs have referred to *Biggans, supra*, which did cite *Hudak* for the general proposition that "state law provides the limitations period [but] federal law determines when the period commences to run." *Biggans, supra*, 638 F.2d at 607 n. 3 (brackets added). But in the same footnote the court in *Biggans* expressly left open the precise issue of whether the federal equitable tolling doctrine should apply to a borrowed state statute of limitations containing an absolute time period for bringing suit. Hence, *Biggans* and *Hudak* offer plaintiffs no support.

Plaintiffs also cite a number of cases on page 24 of their supplemental brief on the *Hill* case. Significantly, however, all of these cases are from the Eastern District of Pennsylvania and two of them, as noted by plaintiffs themselves, decided the issue adversely to plaintiffs. Thus, it cannot be said these cases were clear precedent upon which plaintiffs could rely for a favorable ruling from a court in the Middle District of Pennsylvania or the Third Circuit. We conclude that the first *Chevron* factor militates against only prospective application of *Hill*.[2]

### B. *Furthering Or Retarding the Rule's Operation.*

Plaintiffs contend that the court in *Hill* concluded that this aspect of the *Chevron* test was neutral only because the outcome was the same in that case under either the district court's analysis or the *Data Access* holding. The plaintiffs' claims were still barred in any event. Here, they insist that retroactive application will bar claims that were timely under the previous law and that this factor operates in their favor.

We disagree with plaintiffs' interpretation of this aspect of the court's ruling in *Hill*. That the outcome would be the same under either analysis only came into play in the court's consideration of the third *Chev-*

---

**2.** We would also note that plaintiffs have taken our reference to the emphatic nature of the *Biggans* and *Sharp* opinions out of context. Our reference was to the specific argument made by the non-seller defendants that the Pennsylvania Blue Sky law at 70 P.S. § 1–503(a) provided a cause of action against non-sellers and hence the state Blue Sky law limitations period was applicable to plaintiffs' claims against them. Our reference was not to the general state of the law in the Third Circuit on the limitations issue.

*ron* criterion. The court's brief discussion of the second factor consists solely of the following:

> We may assume on these facts, as we did in *Al–Khazraji*, 784 F.d at 513, and *Fitzgerald [v. Larson]*, 769 F.2d at [160] 164 [3d Cir.1985], that resolution of the second *Chevron* criteria—whether retrospective operation would further or retard the rule's function—is neutral.

*Hill*, 851 F.2d at 698.

This follows a recent pattern in Third Circuit decisions dealing with retroactive application of statutes of limitations. In those cases, starting with *Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.), *cert. denied*, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985), the court has usually concluded that the second factor is neutral. We will do the same here. *See also Prospect Purchasing, supra.*

Plaintiffs argue that retroactivity is not favored simply because prospective application would allow an existing suit to proceed when it would be time barred under the new rule. They quote *Cohn v. G.D. Searle & Co.*, 784 F.2d 460, 465 (3d Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 272, 93 L.Ed.2d 248 (1986), as part of the following argument:

> As the Third Circuit stated in *Cohn*, "[a]lthough it is possible that prospective invalidation will permit maintenance of some suits that would not have been timely," such a burden is marginal and should not deny a plaintiff relying on prior law from pursuing his claim. *Cohn*, 784 F.2d at 465. Thus, the second *Chevron* factor also weighs in favor of nonretroactivity.

Plaintiffs' opposition brief at p. 17.

*Cohn* dealt with retroactive application of a New Jersey tolling statute which would toll a statute of limitations for personal injury actions against corporations during the time they were not represented in New Jersey by an agent for service of process. During the pendency of the action in federal court, the New Jersey Supreme Court held, in part, that the tolling statute violated the commerce clause. The district court in the federal action granted defendant Searle's subsequent motion for summary judgment, reaching a similar conclusion and holding that the new rule would be applied retroactively to bar the plaintiffs' action. In doing so, the district court stated that retroactive application of the rule would further the operation of the commerce clause. On appeal the Third Circuit reversed and stated the following in connection with the second *Chevron* factor:

> Assuming arguendo that the district court correctly stated the purpose of the Commerce Clause rule in this case, we think the burden on interstate commerce that it perceived might result from nonretroactive application of that rule is largely illusory. Certainly, any inhibiting effect the statute might have had on foreign corporations and others contemplating doing business in New Jersey vanishes once the statute is invalidated, whether or not that invalidation is retroactive. Moreover, had there been no tolling statute, the probability is that the Cohns and most other plaintiffs similarly situated would have filed suit within the two-year statutory period. *Although it is possible that prospective invalidation will permit maintenance of some suits that would not have been timely* filed absent the tolling statute, we do not think that this slight marginal burden, if any, does violence to the Commerce Clause.

*Id.* at 465 (footnote omitted) (emphasis added).

Thus, the full context of the quoted phrase indicates that plaintiffs' reliance upon *Cohn* is misplaced. *Cohn* dealt with the effect of the tolling statute on the operation of the commerce clause which the Third Circuit found to be marginal if the statute were applied only prospectively. Here, only the purposes of the statute of limitations is at issue and the second *Chevron* factor is neutral in that regard. If anything, retroactive application would further the goal of the limitations statute. *See Perez v. Dana Corp.*, 718 F.2d 581 (3d Cir.1983) (application of statutory limitations period retroactively would further

goal of uniformity of treatment of similar claims).

## C. *The Equities of Retroactive Application.*

Plaintiffs contend that the equities favor non-retroactive application since they relied upon clear past precedent in filing their lawsuit when they did. They also argue, citing *Smith, supra,* that the massive discovery already undertaken in this action favors permitting the federal securities claims to proceed.

We have already decided that the prior precedent was not sufficiently clear for the plaintiffs to have reasonably relied upon it. This first consideration overlaps with the third one, *Fitzgerald v. Larson,* 769 F.2d 160 (3d Cir.1985), and when established precedent does not warrant reliance upon the plaintiffs' choice of a limitations period, it is not inequitable or harsh to apply the new rule retroactively. *Id.*

In connection with the amount of discovery conducted here, discovery is but one factor to be considered. In *Chevron,* the Supreme Court relied upon it but only when plaintiff had depended upon clear past precedent which had been changed during the pendency of his action. Despite the amount of discovery already conducted, we will apply *Data Access* retroactively to the instant case.[3] *See Prospect Purchasing, supra.*

We will issue an appropriate order.

## ORDER

AND NOW, this 16th day of September, 1988, upon consideration of the various motions for judgment on the pleadings, it is ordered that:

1. The motions are granted.

2. Counts II and IV are hereby dismissed as against the following defendants:

a. Andrews Davis Legg Bixler Milsten & Murrah, Timothy M. Larason, Richard Ingham.

b. Advest, Inc., Betty Griffin, Executrix, Raymond T. Waller, Russell W. Sterling, Investments Incorporated, William Schmidt, Peter Stipanovich, Mercer Diversified Securities, Inc., Thomas K. Mercer, J.I.I. Securities, Inc.

c. Anchor National Financial Services, Inc., Joseph J. Schopen, Joseph G. Shannonhouse IV, James Joseph Clark.

d. Howard W. Leeb and Associates, Howard W. Leeb, Gary Sprunger, A.R. Morganthau & Associates, Anthony R. Morganthau.

e. Lauxmont Farms, Inc., Lauxmont Farms II, Inc., Lauxmont Farms III, Inc., Ronald C. Kohr, Bradley D. Kohr, James D. Kohr.

3. The motion of the Andrews Davis defendants for a stay of discovery pending the decision on the instant motion is dismissed as moot.

4. The request of the Andrews Davis defendants to limit future discovery to the RICO statute of limitations issue is dismissed as having been improperly raised for the first time in defendants' reply brief. The request may be renewed in a properly filed motion.

---

**3.** Plaintiffs have also argued that some of them from outside Pennsylvania could have filed timely suits in their own jurisdictions and should not be penalized for having sued in Pennsylvania on the basis of the Third Circuit precedent. Since the precedent was not sufficiently clear, however, to permit reliance upon it, we reject this argument. The risk of an adverse decision must be placed upon the nonresident plaintiffs.