**MUNICIPALITY OF MONROEVILLE, Appellant,**

v.

**Victor LIBERATORE; E.I. Service Corporation; Joseph Mazza and Erie Insurance Group, t/a Terra Capital Associates, a Pennsylvania Partnership.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1999.

Decided July 19, 1999.

Craig H. Alexander, Pittsburgh, for appellant.

Rebecca Simon, Pittsburgh, for appellees.

Before DOYLE, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The Municipality of Monroeville (Monroeville) appeals from the April 22, 1998 order of the Court of Common Pleas of Allegheny County, per Judge Eugene B. Strassburger, granting the petition to strike municipal claim, with prejudice, of Victor Liberatore, E.I. Service Corporation, Joseph Mazza and Erie Insurance Group, t/a Terra Capital Associates (collectively, Appellees).[1] The issue before us is whether Judge Strassburger erred in striking the municipal claim based solely on the fact that a judgment of *non pros* had been entered in a related civil action to recover the same business privilege taxes. Because we conclude that the trial court erred in granting the petition to strike the municipal claim, we reverse.

On May 4, 1994, Monroeville filed a civil action in the nature of assumpsit against Appellees seeking to recover business privilege taxes. (Docket No. GD94–7444) On October 18, 1996, Appellees presented a petition for judgment of *non pros* to Judge R. Stanton Wettick, Jr., alleging a period of inactivity in excess of two years. Judge Wettick issued a rule, authorized depositions and scheduled argument for January 3, 1997. In the interim, Monroeville filed the municipal claim at issue on November 27, 1996, seeking the same business privilege taxes. (Docket No. GD96–17497).

On January 3, 1997, Monroeville did not appear before Judge Wettick. Thus, pursuant to *Penn Piping, Inc. v. Ins. Co. of N. America,* 529 Pa. 350, 603 A.2d 1006 (1992),[2] Judge Wettick issued the following order in the 1994 assumpsit case:

(1) Defendants' Petition for Judgment of Non Pros is granted and judgment is

---

1. In his June 24, 1998 opinion in support of his order, Judge Strassburger stated that, although the order indicates August 22, 1998, it was actually filed on April 22, 1998. He used the party's attached order, which contained a date of August 1997, and inadvertently forgot to change the month.

2. Our Supreme Court overruled *Penn Piping* in *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998), *Shope v. Eagle,* 551 Pa. 360, 710 A.2d 1104 (1998) and *Marino v. Hackman,* 551 Pa. 369, 710 A.2d 1108 (1998).

entered in favor of Defendants and against Plaintiff *with prejudice* and with costs being assessed against Plaintiff [Monroeville]; and

(2) Plaintiff's Municipal Claim filed at Docket No. GD96–017497 is hereby stricken and discharged in general and in particular against the following properties....

(R.R. 27–28a) (emphasis added).

On August 1, 1997, Judge Wettick issued an order vacating, in part, his prior order as follows:

[T]he January 3, 1997 Order of Court entered is hereby vacated, clarified and restated to eliminate any and all reference to the Striking of a Municipal Claim against the subject property owned by the Defendant herein. No determination is made as to the effect of the entry of the judgment of non pros on the municipal claim.

(R.R. 26a.)

On August 28, 1997, Appellees filed a petition to strike the municipal claim in No. GD96–17497. Monroeville filed an answer, briefs were filed and argument was held. Judge Strassburger then issued an order striking the municipal claim because he determined that the dismissal of GD94–7444, the assumpsit action, prevented the enforcement of the municipal claim in GD96–17497.

In his opinion in support of his April 22, 1998 order, Judge Strassburger acknowledged that a municipality is permitted by law to pursue alternate remedies to collect its taxes. He stated, however, that his basis for granting the petition to strike the municipal claim was his determination that Judge Wettick's January 3, 1997 order granting the judgment of *non pros* in the assumpsit case eliminated the underlying debt for taxes, thus eliminating anything that could be liened. Specifically, Judge Strassburger determined the following:

Thus, Monroeville could not have brought a second civil (assumpsit) action. Nor could it lien Defendants'

property for unpaid business privilege taxes. The judgment against Monroeville with prejudice in the civil action meant that Defendants owed no taxes. There was nothing to lien. Just as the payment of a debt also satisfies the lien of a mortgage, *See* 21 P.S. § 681, the elimination of a debt by virtue of the judgment in Defendants' favor meant there was nothing for Monroeville to lien.

(Trial Court's June 24, 1998 Opinion at 6; R.R. 72a.) Judge Strassburger concluded that, if Monroeville believed that Judge Wettick's order granting the *non-pros* judgment was in error, it should have appealed from it.

## I.

Monroeville points out that a judgment of *non pros*, even if entered with prejudice, is not a judgment on the merits.

When an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to the plaintiff because it is not an adjudication on the merits; rather, it means only that the plaintiff whose complaint is thus dismissed cannot reinstate the complaint unless he first petitions the court to exercise its discretion to remove the non pros and establish certain facts.

. . .

Like a dismissal with prejudice for failure to prosecute a claim, a dismissal without prejudice is not intended to be *res judicata* of the merit to the controversy.... Unlike a dismissal with prejudice for failure to prosecute a claim, however, the phrase "without prejudice" ordinarily imports the contemplation of further proceedings.

*Robinson v. Trenton Dressed Poultry Co.,* 344 Pa.Super. 545, 496 A.2d 1240, 1242–43 (1985) (citations omitted). *See also Gutman v. Giordano,* 384 Pa.Super. 78, 557 A.2d 782 (1989); *Hatchigian v. Koch,* 381 Pa.Super. 377, 553 A.2d 1018 (1989).

Monroeville argues that, since a judgment of *non pros* is not an adjudication on the merits and is not *res judicata,* then the *non-pros* judgment in the assumpsit case did not eliminate the underlying tax debt. It contends that the judgment simply had the effect of dismissing the civil action with prejudice due to the fact that there was docket inactivity for a period of greater than two years. It points out that Judge Wettick never made a determination as to whether the taxes were owed.

Appellees contend that Judge Wettick's judgment did have the effect of a judgment on the merits and that it actually eliminated the very basis for the municipal lien. They contend that, even if Judge Wettick had not specifically stated that the judgment was entered with prejudice, that is the effect of a *non-pros* judgment entered in the context of *Penn Piping.* Appellees point out that, even though a delay exceeding two years was presumed to be prejudicial under *Penn Piping,* they still had to show prejudice. Thus, they argue that it would be wholly illogical to allow Monroeville to proceed because "[f]or a plaintiff to simply have the option of re-filing under a new number at will after the statute of limitations has run would make a mockery of the judicial policy ... to bring each pending matter to a final conclusion promptly and to remove from the docket the cases cluttering it for an unreasonable length of time." *Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank and Trust Co.,* 298 Pa.Super. 454, 444 A.2d 1272, 1273 (1982).

■ We find Appellees' *Penn Piping* argument to be without merit. It is clear from the case law that a dismissal, even with prejudice, for failure to prosecute a claim is not intended to be *res judicata* of the merits to the controversy. Thus, the 1994 assumpsit action was not *res judicata* of the merits of the 1996 municipal claim action. To hold otherwise would have the effect of concluding that Judge Wettick's order was an adjudication of the merits of the tax liability. In addition, as we discuss

in the next portion of our opinion, Monroeville did not simply re-file the identical case at a different docket number. Therefore, we must respectfully disagree with Judge Strassburger's determination that the judgment in Appellees' favor in the 1994 case had the effect of satisfying the underlying tax liability.

## II.

■ Monroeville also contends that, the fact that the assumpsit action was dismissed with prejudice simply means that it could not file a subsequent civil action based on the same allegations, even if the statute of limitations had not run. It does not mean that a party would be precluded from proceeding on a second and different cause of action, such as a municipal claim, as long as the same was filed within the applicable statute of limitations. *See Hatchigian,* 553 A.2d at 1020 (holding that where a plaintiff has suffered a judgment of *non pros,* he may later commence a new action "between the selfsame parties and alleging the selfsame cause of action" so long as the second action is commenced within the applicable statute of limitations); *Bon Homme Richard,* 298 Pa.Super. 454, 444 A.2d 1272 (court properly dismissed second complaint as a result of a prior *non pros* where plaintiff simply filed a subsequent identical action under a new term and number).

Monroeville points out that it did not attempt to have the assumpsit action reinstated or to file an identical assumpsit action at a new term and number. Instead, it filed a separate and distinct action, a municipal claim lien, prior to the entry of the judgment of *non pros* in the assumpsit case. It contends that preclusion from filing the same lawsuit does not mean that no taxes are owed because, as we determined above, such a determination would be tantamount to a decision on the merits, which does not follow from a judgment of *non pros. See Robinson; Gutman; Hatchigian.*

Accordingly, even though Monroeville sought the same business privilege taxes in both the 1994 civil assumpsit action and the 1996 municipal claim action, it is clear that the two cases are separate and distinct causes of action. Thus, we conclude that the trial court erred in granting Appellees' petition to strike the municipal claim.

## *O R D E R*

AND NOW, this 19 th day of July, 1999, it is hereby ordered that the April 22, 1998 order of the Court of Common Pleas of Allegheny County is reversed.