J-A32008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, FORMERLY KNOWN AS BANKERS TRUST COMPANY, AS A TRUSTEE OF AMRESCO RESIDENTIAL SECURITIES CORPORATION MORTGAGE LOAN TRUST 1998-1, UNDER POOLING AND SERVICING AGREEMENT DATED AS FEBRUARY 1, 1998, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT BANKS AND JOANNE BANKS, | |
| APPEAL OF: JOANNE BANKS, | |
| Appellant | No. 2037 WDA 2014 |

Appeal from the Judgment Entered December 3, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): MG-09-001802

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 19, 2016**

Appellant, Joanne Banks, appeals from the *in rem* judgment entered in favor of Deutsche Bank Trust Company Americas ("Deutsche Bank") in this mortgage foreclosure action.  We affirm.

The trial court summarized the facts and procedural history as follows:

On March [2], 2007, [Appellee] Deutsche Bank Trust Company Americas filed a Complaint in Mortgage Foreclosure against [Appellants,] Joanne Banks and Robert J. Banks, regarding Property located at 610 Ridge Street, McKeesport, PA 15132.  On March 20, 2008, [the trial court] entered an Order dismissing the Complaint, with prejudice.  The instant case

involves a Complaint and an Amended Complaint in Mortgage Foreclosure, filed on [July 15, 2009,] and June 27, 2012,[1] respectively. By way of history, on December 10, 1997, in consideration of a loan in the principal amount of $36,000, [Appellant] Joanne Banks executed and delivered to AMRESCO Residential Mortgage Corporation, an adjustable rate note with interest, payable as to the principal and interest in equal monthly installments of $360.08 commencing February 1, 1998. [Appellants] are in default of their obligations pursuant to the Note and to the Mortgage because payments of principal and interest due May 1, 2006 and monthly thereafter are due and have not been paid. [Deutsche Bank] seeks an in rem judgment against [Appellants] for foreclosure and sale of the Property.

A non-jury trial was held and a verdict entered on June 12, 2014 in favor of [Deutsche Bank] in the amount of $39,489.00. On June 17, 2014, [Appellant] Joanne Banks filed a Motion for Post-Trial Relief and arguments were heard on July 31, 2014.

Trial Court Opinion, 9/10/14, at 1-2.

The trial court denied the motion for post-trial relief by order entered September 10, 2014. On December 3, 2014, Deutsche Bank filed a praecipe for *in rem* judgment, in favor of Deutsche Bank and against Joanne Banks, as "Original Mortgagor and Real Owner." Praecipe for Judgment, 12/3/14, at 1. Judgment on the verdict was entered the same day. Appellant timely appealed.

Appellant presents the following issues for our review:

[I.] Whether the trial court improperly concluded that Deutsche Bank met its burden to establish its standing to

---

[1] The record reflects that Deutsche Bank filed the complaint in mortgage foreclosure at issue in this case on July 15, 2009. On September 13, 2010, Deutsche Bank filed an amended complaint and on June 27, 2012, Deutsche Bank filed a second amended complaint.

prosecute the instant action where Deutsche Bank failed to prove it was the successor in interest to Bankers Trust Company.

II. Whether the trial court improperly concluded that Deutsche Bank met its burden to establish its standing to prosecute the instant action where Deutsche Bank failed to prove it had acquired the subject note prior to its commencement of the instant lawsuit.

[III.] Whether the trial court improperly concluded that the doctrine of *res judicata* did not bar Deutsche Bank from prosecuting the instant mortgage foreclosure action where the lower court previously dismissed with prejudice Deutsche Bank's materially identical first complaint in mortgage foreclosure.

Appellant's Brief at 4 (full capitalization omitted).[2]

Our standard of review is as follows:

When reviewing the verdict from a bench trial, we must review the evidence of record in the light most favorable to the verdict winner to determine whether competent evidence supports the trial court's findings and whether it erred in reaching its conclusions of law. We afford the same weight to the trial court's findings of fact as we do a jury's verdict. We will only reverse if the trial court's findings of fact are unsupported by competent evidence or if it erred as a matter of law.

***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.***, 98 A.3d 645, 652 (Pa. Super. 2014) (*en banc*) (internal citations omitted).

We first address whether the trial court improperly concluded that Deutsche Bank had standing to bring this mortgage foreclosure action. Appellant's Brief at 52. Appellant asserts that the original mortgage was

---

[2] We have renumbered Appellant's issues raised on appeal for ease of disposition and for purposes of first addressing Appellant's claims regarding Deutsche Bank's standing to bring this foreclosure action.

executed in favor of AMRESCO and was subsequently assigned to Bankers Trust Company. *Id.* at 55. Appellant maintains that because Bankers Trust Company was the sole assignee of the subject mortgage, and because Deutsche Bank has failed to establish any legal relationship between it and Bankers Trust Company, Deutsche Bank lacks standing to prosecute this action. *Id.*

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015). In a foreclosure action, the plaintiff can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. *J.P. Morgan Chase Bank, NA. v. Murray*, 63 A.3d 1258, 1267-1268 & n.6 (Pa. Super. 2013).

In this case, Deutsche Bank proved standing both ways. First, Deutsche Bank owns Appellant's mortgage *via* assignment. The complaint in a mortgage foreclosure action must allege "the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments." Pa.R.C.P. 1147(a)(1). Here, Deutsche Bank's second amended complaint set forth the original parties and date of

Appellant's mortgage. It further asserted that the mortgage was assigned from the original lender, AMRESCO, to Bankers Trust Company.[3]

The record includes evidence and testimony that Deutsche Bank was "formerly known as Bankers Trust Company" and owned Appellant's mortgage *via* assignment. Specifically, Deutsche Bank produced a limited power of attorney indicating that Deutsche Bank, formerly known as Bankers Trust Company, contracted with Wendover Financial Services Corporation ("Wendover") to service its loans and mortgages. Stipulated Supplement to Record: Trial Exhibits Pertinent to the Issues raised on appeal; Plaintiff Exhibit 1. At trial, Allison Bielby testified that she worked for LoanCare LLC, which is a sub-servicer for Wendover and that she had been servicing Appellant's loan. N.T., 6/2/14, at 7-9. Ms. Bielby, on behalf of LoanCare LLC, identified a record of payments and documented history of the mortgage executed by Appellant. *Id.* at 10-19. Additionally, her testimony revealed that a modification was offered on this loan, and that Appellant interacted with LoanCare, LLC in its capacity as Appellant's mortgage servicer. *Id.* at 51-52.

Thus, the record established that LoanCare LLC, on behalf of Deutsche Bank, has been servicing Appellant's loan. Further, Appellant engaged with

---

[3] The complaint also included a statement of the place of record of the mortgage and assignment. The note, mortgage and assignment were attached to Deutsche Bank's second amended complaint.

LoanCare LLC as her loan servicer without objection prior to initiation of this litigation. Accordingly, the record reflects an unbroken chain from the original lender, AMRESCO, to Deutsche Bank. Because Deutsche Bank is the current mortgage owner *via* assignment, it has standing to enforce the mortgage.

Second, Deutsche Bank is in possession of the promissory note which was endorsed in blank.[4]

> Under the Pennsylvania Uniform Commercial Code (PUCC), the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa.Super.2013). A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301.

*Gibson*, 102 A.3d at 466; *see also PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 621 (Pa. Super. 2014) ("Evidence that some other entity may be the "owner" or an "investor" in the Note is not relevant to this determination, as the entity with the right to enforce the note may well not be the entity entitled to receive the economic benefits from payments received thereon.").

The record in this case reveals that Deutsche Bank holds the note endorsed in blank, and therefore the mortgage. As holder of the note and mortgage, Deutsche Bank has standing to pursue this foreclosure action as

---

[4] Appellant does not dispute the fact that Deutsche Bank possesses the original note. Appellant's Brief at 46-48.

the proper party in interest. *Gibson*, 102 A.3d at 466. Appellant's assertions to the contrary are baseless.

In her next claim, Appellant contends that Deutsche Bank lacks standing to prosecute this foreclosure action where it failed to prove that it had acquired the promissory note prior to its commencement of the instant lawsuit. Appellant's Brief at 35. Notably, Appellant does not allege that Deutsche Bank does not possess the original promissory note.[5] Instead, Appellant argues that the promissory note attached to the complaint differs from the original note produced at trial. *Id.* at 48. Specifically, Appellant contends that the allonge[6] to the promissory note attached to the complaint differs from the allonge to the original note because the original note's allonge includes a name stamp of "Aurora P. Cosme, Assistant [Secretary]," and the copy does not. *Id.* Thus, Appellant argues that Deutsche Bank did not possess the original note and allonge prior to the inception of the instant foreclosure action and therefore, has failed to establish its standing as the real party in interest to prosecute the instant foreclosure action. *Id.* at 51-52.

_____

[5] Both the copy and the original promissory note were introduced at trial. As noted, Appellant does not dispute this fact.

[6] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary 88 (9th ed. 2009).

- 7 -

This Court recently held that a complaint in mortgage foreclosure does not need to include the original promissory note. *Bank of N.Y. Mellon v. Johnson*, 121 A.3d 1056, 1063 (Pa. Super. 2015). In *Johnson*, default judgment had been entered against the appellant in a mortgage foreclosure action. *Id.* at 1058-1059. The appellant argued that the default judgment should have been struck on the basis that the complaint in foreclosure was deficient because the bank did not attach the promissory note to the complaint. *Id.* at 1062. The appellant further argued that the bank failed to allege that a promissory note even existed or that it legally owned the mortgage. *Id.* In affirming the trial court's decision, this Court concluded that a complaint in mortgage foreclosure does not need to include the original promissory note. *Id.* at 1063. This Court emphasized that the bank's complaint fully complied with the requirements of Pa.R.C.P. 1147(a): the complaint listed the parties to the mortgage, the date of execution, and the assignment to the bank; an attachment to the complaint described the land subject to the mortgage; the complaint set forth the name, address, and interest of the appellant; the bank included a specific averment of default, explaining that the appellant had failed to make her required monthly payments; the bank also provided an itemized statement of the amount due, and it demanded judgment for that amount. *Id.* at 1063. Because the complaint fully complied with Rule 1147(a), this Court determined that the appellant was not entitled to relief on her claim. *Id.*

Thus, as this Court held in **Johnson**, there is no requirement that Deutsche Bank attach the original note to the complaint. Furthermore, as in **Johnson**, here Deutsche Bank's complaint fully complied with the requirements of Pa.R.C.P. 1147(a). Therefore, we cannot agree with Appellant's assertion that Deutsche Bank lacks standing to prosecute the instant action and that the judgment entered against Appellant should be vacated. Moreover, as noted, Deutsche Bank possesses the original promissory note in this case. For reasons explained previously, it is of no merit that the note was not attached to the complaint. Thus, Appellant's second claim challenging Deutsche Bank's standing to proceed in this foreclosure action lacks merit.

In her final issue, Appellant asserts that the trial court erred in concluding that the doctrine of *res judicata* does not bar Deutsche Bank from prosecuting the instant mortgage foreclosure action. Appellant's Brief at 19. Appellant contends that the order entered by the trial court on March 20, 2008, dismissing with prejudice Deutsche Bank's first complaint in foreclosure against Appellant "constitutes *res judicata* and operates as a bar against any subsequent lawsuit by Deutsche Bank against [Appellant] on the same cause of action." **Id.** at 23.

"Pursuant to the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action."

*Radakovich v. Radakovich*, 846 A.2d 709, 715 (Pa. Super. 2004) (quoting

*Yamulla Trucking & Excavating Co. v. Justofin*, 771 A.2d 782, 784 (Pa.

Super. 2001)).    This  Court  has  previously  explained  the  impact  of  a

judgment of *non pros* on the doctrine of *res judicata*:

> It  is  settled  law  that  where  plaintiff  has  suffered  a
> judgment of *non pros*, he may later commence a new action
> between the selfsame parties and alleging the selfsame cause of
> action so long as the second action is commenced within the
> applicable statute of limitations.   Since a *non pros* is not a
> judgment on the merits, it cannot have *res judicata* effect.

*Hatchigian  v.  Koch*, 553 A.2d 1018, 1020 (Pa. Super. 1989) (internal

citations omitted).   Additionally, our Commonwealth Court has held that "a

dismissal, **even with prejudice**, for failure to prosecute a claim is not

intended to be *res judicata* of the merits to the controversy."  *Municipality*

*of  Monroeville  v.  Liberatore*, 736 A.2d 31, 34 (Pa. Cmwlth. 1999)

(emphasis added).[7]  *See also Moore v. John A. Luchsinger, P.C.*, 862

A.2d 631, 634 n.3 (Pa. Super. 2004) ("A *non pros* against a plaintiff is not

*res  judicata*, and therefore, does not bar the plaintiff from commencing

another action based upon the same cause of action within the applicable

statute of limitations period."); *Gutman  v.  Giordano*, 557 A.2d 782, 783

(Pa. Super. 1989) ("[A] *non pros* for failure to answer a trial listing is not an

---

[7] We note that "[t]his Court is not bound by decisions of the Commonwealth
Court.  However, such decisions provide persuasive authority, and we may
turn to our colleagues on the Commonwealth Court for guidance when
appropriate." *Haan v. Wells*, 103 A.3d 60, 68 n.2 (Pa. Super. 2014).

adjudication on the merits and thus may not form the basis for application of *res judicata*.").

As noted, Appellant defaulted on the mortgage in May 2006.  Deutsche Bank initiated its first action in foreclosure against Appellant on March 2, 2007.  That action was dismissed "with prejudice" by court order dated March 20, 2008, as a result of "Plaintiffs not responding or appearing." Order, 3/20/08.  Thus, Deutsche Bank's initial action was dismissed due to the failure to prosecute the claim.  Because the first action was dismissed for *non pros*, there was no final judgment on the merits.  Accordingly, the doctrine of *res judicata* does not bar the filing of the instant foreclosure action.[8]

Judgment affirmed.

_____

[8] This second action, filed July 15, 2009, was commenced within the applicable statute of limitations.  **Hatchigan**, 533 A.2d at 1020 ("It is settled law that where plaintiff has suffered a judgment of *non pros*, he may later commence a new action between the selfsame parties and alleging the selfsame cause of action so long as the second action is commenced within the applicable statute of limitations.").  An action under seal must be commenced within twenty years.  42 Pa.C.S. § 5529(b)(1); **In re Estate of Snyder**, 13 A.3d 509, 513 (Pa. Super. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016