J-S68038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK JOSEPH ELSESSER, | : | |
| | : | |
| Appellant | : | No. 608 MDA 2017 |

Appeal from the Order Entered March 21, 2017
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 2013-15154

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 30, 2017**

Mark Joseph Elsesser appeals from the March 21, 2017 order that denied his petition to set aside sheriff's sale and vacate void judgment in this mortgage foreclosure action.  We affirm the order.  Further, finding Elsesser's appeal to be dilatory, obdurate, and wholly frivolous, we remand for a hearing to determine the amount of costs and counsel fees incurred by Appellee Nationstar Mortgage, LLC (Nationstar) in litigating this appeal.

In December 2006, Elsesser executed a promissory note and mortgage in exchange for a loan of $173,000 from Countrywide Home Loans, Inc. Elsesser stopped making his monthly mortgage payments in March 2012.  In June 2013, then-holder of the note Nationstar filed a complaint in foreclosure.

---

*Retired Senior Judge assigned to the Superior Court.

Nationstar eventually obtained summary judgment against Elsesser by order of July 7, 2014. In his first appeal to this Court, Elsesser challenged, *inter alia*, "the validity of the chain of assignments of the Mortgage and Note…." **Nationstar Mortgage, LLC v. Elsesser**, 120 A.3d 1054 (Pa. Super. 2015) (unpublished memorandum at 7). Upon examination of the record, this Court determined that, because Nationstar possessed the original note, which was a negotiable instrument, Nationstar had standing to foreclose. **Id.** (unpublished memorandum at 9). Therefore, "Elsesser's argument as to the chain of ownership of the loan fail[ed] as a matter of law." **Id.**

Elsesser next filed in the trial court a petition to strike judgment, "alleging that the judgment was void and unenforceable because the process of securitization of the Note stripped Nationstar of any standing." **Nationstar Mortgage, LLC, v. Elsesser**, 158 A.3d 178 (Pa. Super. 2016) (unpublished memorandum at 4). Elsesser timely appealed the order that denied his petition, and the case was stayed pending the appeal. This Court first noted that the law of the case doctrine militated against addressing the merits of the issue, because it is one that Elsesser could have raised in his first appeal, but did not. **Id.** (unpublished memorandum at 5-7). Further, this Court held that the "argument that the process of securitization somehow 'destroyed' the Note and it ceased to be a secured asset or negotiable instrument tied to any collateral or debt obligation is nonsense."

***Id.*** at 8.  Therefore, this Court affirmed the order denying the petition to strike.

After the trial court granted Nationstar's motion to lift the stay, Nationstar bought the property at a sheriff's sale on January 6, 2017. Elsesser filed a petition to set aside the sale and vacate the judgment, which the trial court denied by order entered March 21, 2017.  Elsesser then filed the instant appeal, and timely complied with the trial court's order to file a concise statement of errors complained of on appeal.

Elsesser presents three questions for our review.

(I).    Did the trial court err in denying the petition to set aside sheriff sale where [Elsesser] made a showing of extrinsic fraud?

(II).   Is [Nationstar's] selectively timed production of two (2) competing promissory notes in the litigation evidence of intentional fraud sufficient to set aside the sheriff sale and void the underlying judgment?

(III).  Should equitable relief afford relief from both the judgment and sale inasmuch as circumstances have arisen making it inequitable to enforce the judgment and sale?

Elsesser's Brief at 8 (suggested answers and unnecessary capitalization omitted).

Elsesser's issues all relate to the fact that Nationstar attached to its June 25, 2015 motion to reassess damages a copy of the note that was made before it was endorsed, whereas the copy of the note attached to Nationstar's motion for summary judgment had an endorsement.  While he

acknowledges that Nationstar produced the original, endorsed note at a July 17, 2014 hearing, and it was that note that served as the basis of the trial court's decision to grant summary judgment to Nationstar, Elsesser now claims that the existence of different photocopies of the note "calls into serious question the authenticity" of the note produced at the hearing. Elsesser's Brief at 20.

As recognized by the trial court, Elsesser's argument is nothing more than another attack on Nationstar's standing, an issue decided by the trial court long ago and twice affirmed by this Court. Trial Court Opinion, 5/31/2017, at 4-5. As this Court explained in Elsesser's last appeal, it is the law of the case that Nationstar had standing to foreclose against the mortgaged property as the holder of the note. **Elsesser**, 158 A.3d 178 (unpublished memorandum at 5-7). Elsesser cannot relitigate the issue now based upon something of which he was fully aware prior to his last appeal. **Kurns v. Soo Line R.R.**, 72 A.3d 636, 639 (Pa. Super. 2013) ("An appellant cannot pursue in a subsequent appeal matters which he or she could have pursued in a prior appeal.") (citation and internal quotation marks omitted). As such, it is patently clear to this Court that this appeal is dilatory, obdurate, and wholly frivolous.

This is the second frivolous appeal Elsesser has pursued in this matter. **See Elsesser**, 158 A.3d 178 (unpublished memorandum at 8) (describing Elsesser's argument as "nonsense"). Additionally, two different judges in the

trial court have opined that Elsesser should not be permitted to delay further in this case. Trial Court Opinion, 5/31/2017, at 5. Accordingly, we hold that Nationstar is entitled to recover costs of the appeal, including counsel fees, the amount of which shall be determined by the trial court upon remand. **See** Pa.R.A.P. 2744 ("[A]n appellate court may award as further costs damages as may be just… if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule."); **Jackson v. Modern Mailers, Inc.**, 537 A.2d 878, 880 (Pa. Super. 1988) ("Because of the settled nature of the legal issue presented and because of appellants' two previous appeals to this Court regarding the same cause of action, we conclude that the instant appeal is frivolous and that counsel fees should be awarded.").

Order affirmed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017

- 5 -